CEDRIC EARL NEWCOMB and ANNIE NEWCOMB v. GREAT AMERICAN
INSURANCE COMPANY

(Filed 30 October 1963.)

**1. Insurance § 47—**

A granddaughter living with her parents in her grandmother's home at
the time of the accident is a relative "residing" in the grandmother's
home notwithstanding the arrangement is temporary and the parents
maintain a home to which they intend to repair upon the return home of
another member of the grandmother's family, and therefore the grand-
daughter does not come within the provisions of a policy issued to the
grandmother for expenses and medical payments to persons other than
the named insured and her relatives resident of the same household.

**2. Same—**

That section of a policy of insurance providing coverage for medical
payments to the named insured and each relative of the named insured,
but excluding liability for such injuries while occupying an automobile
owned by insured or one furnished for the regular use of insured or any
relative, *held* not to cover bodily injury to insured's granddaughter occur-
ring while insured was driving a vehicle owned by the granddaughter's
parents.

**3. Insurance § 48b—**

A policy of collision insurance covering the specified automobile owned
by insured or any other automobile unless such other vehicle is owned by
insured or any relative does not cover a vehicle owned by insured's
daughter and son-in-law and damaged in an accident while being driven
by insured.

Appeal by defendant from *Bundy, J.,* March Session 1963 of Wayne.

Plaintiff's action is to recover on an automobile insurance policy is-
sued October 1, 1959, by defendant to Mrs. Willie Gray, designated
therein as "Named Insured," in which Mrs. Gray's Oldsmobile is des-
ignated "owned automobile." The policy was in full force and effect on
June 12, 1960.

On June 12, 1960, plaintiffs, husband and wife, owned a Ford. Plain-
tiff Annie Newcomb is the daughter of Mrs. Gray. On said date, Mrs.
Gray was operating plaintiffs' Ford. Wendy Gray Newcomb, four
months old, was a passenger in the Ford. Wendy was plaintiffs' daugh-
ter and "lived with her parents." While operated by Mrs. Gray, the
Ford ran off the road. On account thereof, Wendy received fatal in-
juries and plaintiffs' Ford was damaged.

In separately stated causes of action, plaintiffs alleged they were en-
titled to recover (1) for medical, ambulance, hospital and funeral ex-
penses incurred by them on account of their infant daughter's fatal
injuries, and (2) on account of collision or upset damage to their Ford.

Plaintiffs base their first cause of action on Part II, Coverage C, and their second cause of action on Part III, Coverage E, of said policy.

The case was submitted on stipulated facts and the policy. In addition to facts included in the foregoing statement, the following facts were stipulated:

> "2. Mrs. Tessie Thompson Gray (the person designated in said policy as Mrs. Willie Gray) was at the time the above policy was issued and at the time of the accident a widow and mother of three children. Both boys were away from home. John Gray, the oldest, was in the Navy, and Bobby Gray was in school at the University of North Carolina. Her daughter, Annie Gray Newcomb, one of the plaintiffs herein, was married in August, 1957. After the wedding, Annie Gray Newcomb and her husband, Cedric Earl Newcomb, the other plaintiff herein, moved into the home of Mrs. Gray. In April, 1958, Cedric Newcomb and his wife, Annie, the plaintiffs, renovated and furnished a house which belonged to Mrs. Gray and which was about one-quarter of a mile distance from Mrs. Gray's home. The plaintiffs lived in this house until March 1959, when Mrs. Gray's mother, who had been living with Mrs. Gray, died. Plaintiffs then returned to Mrs. Gray's home and lived with her until about June or July of 1959, when Bobby Gray came home from the University. Plaintiffs moved out of Mrs. Gray's home and into their own cottage and stayed there about one month until Bobby Gray returned to the University, at which time the plaintiffs moved back into the house with Mrs. Gray and slept, ate, lived and stayed there up to the time of the accident, June 12, 1960. At all times herein mentioned, and since April, 1958, the plaintiffs' cottage has been kept clean and furnished and all utilities have been kept on and ready for habitation. The plaintiffs planned to remove themselves from Mrs. Gray's house and into their cottage when John Gray got out of the Navy or Bobby Gray got out of college, which would have been in 1961."

Pertinent policy provisions will be set forth in the opinion.

It was stipulated that plaintiffs, if entitled to recover, were entitled to recover $354.50 on their first cause of action and $650.00 on their second cause of action.

The court entered judgment that plaintiffs have and recover of defendant $1,004.50, together with interest and costs. Defendant excepted and appealed.

*Henson P. Barnes for plaintiff appellees.*

*Taylor, Allen & Warren and John H. Kerr, III, for defendant appellant.*

BOBBITT, J. "Part II—Expenses for Medical Services," on which plaintiffs base their first cause of action, provides in pertinent part:

"Coverage C—Medical Payments. To pay all reasonable expenses incurred . . . for necessary medical, . . . ambulance, hospital, . . . and funeral services:

"Division 1. To or for *the named insured* and each *relative* who sustains bodily injury, . . . including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck *by an automobile;* (Our italics)

"Division 2. To or for *any other person* who sustains bodily injury, caused by accident while occupying (a) the owned automobile . . .; or (b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured . . . or (2) its operation or occupancy by a relative, . . .

" . . .

"Exclusions. This policy does not apply under Part II to bodily injury: (a) . . .; (b) sustained by the named insured or *a relative* (1) while occupying an automobile *owned by* or furnished for the regular use of either the named insured or *any relative,* other than an automobile defined herein as an 'owned automobile,' or (2) . . ." (Our italics).

"Relative" is defined in "Part I—Liability" of the policy as "a relative of the named insured who is a resident of the same household." It is expressly provided that this definition of "relative" applies to Part II and Part III.

Plaintiffs contend they and their infant daughter were not relatives of the named insured who were residents of the same household and therefore plaintiffs are entitled to recover under Division 2 of Coverage C.

Plaintiffs, daughter and son-in-law of Mrs. Gray, are co-owners of the Ford. They are relatives of the named insured (Mrs. Gray), the daughter by blood and the son-in-law by marriage. Wendy, who sustained the "bodily injury," was the granddaughter of Mrs. Gray and therefore a relative of the named insured by blood. In *Fidelity and Casualty Company of New York v. Jackson,* 4 Cir., 297 F. 2d 230, it was held that the mother-in-law of the named insured, residing with him in the same household, was his "relative" within a similar policy

provision. In accord: *Aler v. Travelers Indemnity Co.* (U.S.D.C. Md.), 92 F. Supp. 620.

While the word "resident" has different shades of meaning depending upon context, *Barker v. Insurance Co.*, 241 N.C. 397, 399, 85 S.E. 2d 305, we think it clear, under the stipulated facts, that plaintiffs, their infant daughter and Mrs. Gray were living together on June 12, 1960, as members of one household, and were then *residents* of the same household within the terms of the policy. *State Farm Mut. Automobile Ins. Co. v. James*, 4 Cir., 80 F. 2d 802; *Aler v. Travelers Indemnity Co., supra; Ransom v. Casualty Co.*, 250 N.C. 60, 108 S.E. 2d 22; Words and Phrases, Permanent Edition, Volume 19, p. 700 *et seq.* Their status is determinable on the basis of conditions existing at the time the casualty occurred. *State Farm Mutual Automobile Insurance Co. v. Ward* (Mo.), 340 S.W. 2d 635.

Plaintiffs, in their allegations, base their first cause of action on the coverage provided in Division 2 of Coverage C. However, this coverage is provided to or for "any other person," that is, to a person other than the named insured or a relative. In view of our decision that plaintiffs and their infant daughter were relatives of the named insured on June 12, 1960, Division 2 of Coverage C has no application. The coverage applicable to plaintiffs and their infant daughter as relatives of the named insured is that provided in Division 1 of Coverage C. Hence, it is appropriate to consider whether plaintiffs are entitled to recover under the provisions thereof.

In our view, the only reasonable construction of the pertinent provisions of Division 1 of Coverage C is as follows: Division 1 of Coverage C provides coverage to or for the named insured and each relative who sustains "bodily injury" while occupying any automobile except (1) an automobile *owned* by either the named insured or *by any relative*, and (2) an automobile furnished for the regular use of the named insured or any relative, other than an automobile defined in the policy as an "owned automobile." Decisions supporting this construction of the coverage provided by Division 1 of Coverage C include the following: *Johns v. State Farm Mutual Automobile Ins. Co.* (Ala.), 146 So. 2d 323; *Moore v. State Farm Mutual Automobile Ins. Co.* (Miss.), 121 So. 2d 125; *Dickerson v. Millers Mutual Fire Ins. Co. of Texas* (La.), 139 So. 2d 785; *Mallinger v. State Farm Mut. Auto. Ins. Co.* (Iowa), 111 N.W. 2d 647; *O'Brien v. Halifax Insurance Co. of Massachusetts* (Fla.), 141 So. 2d 307; *Travelers Indemnity Company v. Hyde* (Ark.), 342 S.W. 2d 295; *McMillan v. State Farm Insurance Company*, 27 Cal. Rptr. 125; *Morton v. Travelers Indemnity Co.* (Cal.), 263 P. 2d 337. Also, see *Aler v. Travelers Indemnity Co., supra.*

The only automobile described in the policy as "owned automobile" was Mrs. Gray's Oldsmobile. Plaintiffs' infant daughter, a relative of the named insured, was injured fatally while occupying the Ford automobile owned by relatives of the named insured, the plaintiffs herein. Hence, plaintiffs may not recover under Division 1 of Coverage C.

Plaintiffs, in their allegations, base their second cause of action on "Part III—Physical Damage," which, in pertinent part, provides:

"Coverage E—Collision. To pay for loss caused by collision to the owned automobile or to *a non-owned automobile* . . ." (Our italics).

"Non-owned automobile" is defined in Part III as "a private passenger automobile . . . *not owned by* . . . either the named insured or *any relative* . . ." (Our italics).

We perceive no ambiguity in the pertinent provisions of Coverage E. *Parker v. Insurance Co.*, 259 N.C. 115, 130 S.E. 2d 36. No collision coverage is provided for plaintiffs' Ford. Plaintiffs' Ford was not the automobile described in the policy as the "owned automobile." Nor was it a "non-owned automobile," as defined in the policy. On the contrary, it was an automobile owned by relatives, to wit, the plaintiffs. Hence, plaintiffs may not recover under Coverage E.

For reasons stated, the judgment of the court below, as to both causes of action, is reversed.

Reversed.