18723

Alton E. BUDDIN, Jr., and Aetna Casualty & Surety Company, Appellants, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

(157 S. E. (2d) 633)

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondent,*

November 6, 1967.

Moss, Chief Justice.

Nationwide Mutual Insurance Company, the respondent herein, on October 10, 1965, had in force and effect a policy of liability insurance in which Horace E. Buddin was the named insured. The pertinent portion of the aforesaid policy is as follows:

"(3) Coverages * * * shall extend to any other land motor vehicle * * * while used by the Policyholder first named in the Declarations, (Horace E. Buddin) if an individual, or by his spouse and the relatives of either if a resident of the same household. Those entitled to protection under this extension of coverage * * * are:

(a) the Policyholder

(b) any relative resident of the same household,"

Alton E. Buddin, Jr., on October 10, 1965, was operating an uninsured automobile owned by one James Hill and, as a result of his negligent operation of said motor vehicle certain injuries were occasioned to Timothy DeBoe and Margaret McSwain. Aetna Casualty & Surety Company paid to the aforesaid injured parties the total sum of

$2,000.00, such having been made by virtue of the uninsured motorist provision contained in its policy issued on the automobile in which Timothy DeBoe and Margaret McSwain were riding. It is stipulated that Aetna paid the aforesaid amount after the respondent agreed that such constituted a fair and equitable settlement.

This action was commenced by Aetna and Alton E. Buddin, Jr., seeking a recovery of the aforesaid sum of $2,000.00, and alleging that Alton E. Buddin, Jr., was a nephew of Horace E. Buddin and was a resident of the same household at the time of the aforesaid accident. It was further alleged that since Alton E. Buddin, Jr., was a relative of and a resident of the same household with Horace E. Buddin, liability coverage under the aforesaid policy was extended to any vehicle used by Alton E. Buddin, Jr. The respondent denied coverage to Alton E. Buddin, Jr., as an additional insured under the policy issued to Horace E. Buddin.

This case came on for trial before The Honorable James H. Price, Jr., Judge of the Greenville County Court, and a jury, at the December 1966 term of court. During the trial it was agreed that one issue only was presented and that was: "Were Horace E. Buddin and Alton E. Buddin, Jr., relative residents of the same household on October 10, 1965." At the close of all the testimony Alton E. Buddin, Jr., and Aetna Casualty & Surety Company, the appellants, made a motion for a directed verdict on the ground that the only reasonable inference to be drawn from the testimony was that Horace E. Buddin and Alton E. Buddin, Jr., were relative residents of the same household on October 10, 1965 and, therefore, Alton E. Buddin, Jr., was afforded coverage as an additional insured under a policy of automobile liability insurance issued by the respondent to Horace E. Buddin. This motion was refused and the trial Judge submitted the question to the jury and a verdict in favor of the respondent was returned. Thereafter, the appellant made a timely motion for judgment *non obstante verdicto*. Such was refused and this appeal followed.

It appears from the record that the father of Alton E. Buddin, Jr., owned a home on Vintage Avenue in Greenville, South Carolina. Alton had lived in this home for ten or twelve years. His mother died in 1962 and his father died in February, 1964. After the death of Alton's father, this home was purchased by Horace E. Buddin, a bachelor uncle of Alton and a brother of his deceased father. Alton's father died while he was a student at Clemson University and while he remained in school from February through May, 1964, he returned to Greenville and spent several weekends with his uncle. Upon leaving Clemson University in May of 1964, Alton stayed with his uncle for approximately two months before leaving for California to seek employment. Upon returning from California in March, 1965, he stayed in the home of his uncle seven or eight days, then moved to Orvin Court because he was interfering with the schedule of his uncle, staying there from March, 1965, until he moved into a trailer with a friend, and then he moved in with his uncle in August of 1965, being at that time without employment, where he remained until December 28, 1965.

During the time that Alton resided with his uncle in 1965, and while employed, he made certain weekly contributions towards the household expenses. While Alton was living with his uncle he was not restricted to any portion of the house. He watched television when he pleased and used his uncle's washing machine. He had no furniture and used his uncle's. Alton and his uncle kept different schedules and ate most of their meals away from home; however, when they were at home at the same time they did eat their meals together. Separate provisions were not bought and Alton would eat the food purchased by his uncle. They used the same bath and had a common mailbox and telephone. The uncle testified that he loved Alton as a member of his family; that he gave him money to purchase food and clothing when he needed it and helped him find a job. He said he felt an obligation to his nephew and tried to advise him as

to his actions. He admitted that he did not expect any money for household expenses when Alton was not working and charged only token rent when he was. He testified that the amount Alton was asked to pay was simply to teach him a little responsibility. It appears that the expense arrangement was so indefinite that neither Alton nor his uncle remembered how much Alton contributed each week to the household expenses. At the time of the accident, on October 10, 1965, Alton was living with his uncle and they were the only occupants of the home. Alton was not looking for another place to live and had no intention of moving.

■■ It is a well established rule of law in passing upon the exceptions of the appellant to the refusal of the trial judge to grant their motions for a directed verdict and judgment *non obstante veredicto,* it is incumbent upon this court to view the evidence and inferences fairly deducible therefrom in the light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference the question is no longer for the jury but one of law for the court. *Carter v. Beals,* 248 S. C. 526, 151 S. E. (2d) 671.

■■ The insurance policy here included Horace E. Buddin, as the named insured and as an additional insured "any relative resident of the same household." Any person qualifying as a resident of the same household of the insured is an additional insured under the policy. The policy here is one that extends coverage and includes as an insured any relative resident of the same household and is not a clause excluding from coverage a relative resident of the same household. The courts have uniformly held that where the clause is one of inclusion it should be broadly construed for the benefit of the insured while in exclusion cases the same clause is given a more restricted interpretation. *Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.,* 266 N. C. 430, 146 S. E. (2d) 410. This is necessary be-

cause in both situations the courts favor an interpretation in favor of coverage. The touchstone is that the phrase "resident of the same household" has no absolute or precise meaning, and, if doubt exists as to the extent or fact of coverage, the language used in most policies will be understood in its most inclusive sense. *American Universal Ins. Co. v. Thompson,* 62 Wash. (2d) 595, 384 P. (2d) 367.

It is the position of the respondent that there were issues for the jury's determination in deciding whether Alton was a relative resident of the same household with his uncle. They may be grouped under three headings: (1) The issue of payment of rent or board while Alton was in the household of his uncle; (2) whether the uncle exercised any degree of control over his nephew; and (3) that there was a lack of a permanent living arrangement between the persons alleged to be residents of the same household. In our opinion these were not proper issues for the jury's determination in deciding whether Alton was a relative resident of the same household of his uncle.

In a great number of cases the payment of rent or board was not determinative of the issue as to whether one was a resident of the household of another. *Teems v. State Farm Mut. Auto. Ins. Co.,* 113 Ga. App. 53, 147 S. E. (2d) 20; *Morris v. State Farm Mut. Auto. Ins. Co.,* 88 Ga. App. 844, 78 S. E. (2d) 354; *Tomlyanovich v. Tomlyanovich,* 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108; *Cartier v. Cartier,* 84 N. H. 526, 153 A. 6; In Re Shanks Estate, 399 Pa. 656, 161 A. (2d) 47, 88 A. L. R. (2d) 888; *Lontkowski v. Ignarski,* 6 Wis. (2d) 561, 95 N. W. (2d) 230; *State Farm Mut. Auto. Ins. Co. v. James,* 4 Cir., 80 F. (2d) 802.

The absence of control by the uncle over his nephew is not determinative of the issue as to whether the nephew was a resident of the same household with his uncle. *Teems v. State Farm Mut. Auto. Ins. Co.,* 113 Ga. App. 53, 147 S. E. (2d) 20; *Hardware Mut. Cas. Co. v. Home Indem-*

*nity Co.,* 241 Cal. App. (2d) 303, 50 Cal. Rptr. 508; *State Farm Mut. Auto. Ins. Co. v. James,* 4 Cir., 80 F. (2d) 802.

The fact that there was a lack of a permanent living arrangement between the persons alleged to be residents of the same household is not determinative of the issue. *Newcomb v. Great American Insurance Co.,* 260 N. C. 402, 133 S. E. (2d) 3; *Hardware Mut. Cas. Co. v. Home Indemnity Co.,* 241 Cal. App. (2d) 303, 50 Cal. Rptr. 508; and *Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.,* 266 N. C. 430, 146 S. E. (2d) 410. In the Hardware Mut. Cas. Co. case it appears that a nephew was living with his aunt and uncle in the same household on the day of the accident and had been for a substantial period of time before and after it. The court in holding that the nephew was an additional insured under the policiy issued to his uncle and aunt, said:

"We think that a resident of the same household is one, other than a temporary or transient visitor, who lives together with others in the same house for a period of some duration, although he may not intend to remain there permanently."

In the Jamestown Mut. Ins. Co. case in appears that a twenty-nine year old son, married, was separated from his wife. After his 18th birthday he went to Virginia to work, fourteen months thereafter he returned to his father's home and stayed for several months until his marriage and again left. He then entered the service for two years and thereafter lived with his wife until they separated some sixteen months prior to the collision. He lived in Greenville, South Carolina, for approximately a year; leaving there, he went to Shelby, North Carolina, to work in a textile plant and stayed with his sister because it was more convenient than his father's home in view of available transportation to and from work. He was then transferred to a different shift and moved in with his father because transportation was more convenient if he stayed at his father's

home. His ultimate intention was to find a boarding house in Shelby and get a room there. At the time of the collision he had found a boarding house in Shelby but had not moved to it or decided when he would do so. He did not intend to stay with his father permanently but had no fixed plan as to when he would leave. At the time of the collision he had been a resident of his father's home for approximately two weeks. The court held that the son was a relative resident of the same household as his father and was an insured under his father's policy which insured nonowned automobiles when operated by a relative resident of the father's household.

In our opinion, under the cases cited, there were no factual issues in this case for the jury to resolve. The evidence here is susceptible of only one reasonable inference. This being true the court should have decided the issue as a matter of law and given to the inclusion clause contained in the policy here in question a broad and liberal construction. He should have held that the only reasonable inference to be drawn from the testimony was that Alton Buddin, Jr., was a relative resident of the same household as was Horace Buddin, his uncle. It follows that Alton Buddin, Jr., was an additional insured under the policy issued by the respondent to Horace Buddin.

The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in favor of the appellants in accordance with their motion for a directed verdict.

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.