**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**William Charles DENNIS, Defendant and Respondent,**

v.

**James C. HOLDER, Barbara Ann Holder, and James C. Holder, as Guardian Ad Litem for Jeffery Holder, Wendi Holder, and Justin Holder, minors, Defendants In Intervention and Respondents.**

No. 17267.

Supreme Court of Utah.

April 13, 1982.

David H. Epperson, Salt Lake City, for plaintiff and appellant.

Joseph C. Fratto, Sr., Salt Lake City, for Dennis.

Stephen G. Morgan, Salt Lake City, for intervenors.

**STEWART, Justice:**

William Charles Dennis was involved in an accident February 25, 1978, in which James Holder was seriously injured. Government Employees Insurance Company (GEICO), plaintiff, brought a declaratory action to determine whether defendant Dennis was an insured under the terms of a public liability policy GEICO had issued to his father. A jury found in favor of GEICO. Holder filed a motion for a judgment notwithstanding the verdict which the trial court granted, and GEICO appeals.

The car which Dennis was driving at the time of the accident was not his father's car, although he was driving with the owner's permission. Dennis' father's insurance policy extended coverage to "residents of the same household." The issue is whether the trial court erred in ruling as a matter of law that Dennis was a "resident" of his father's household by granting the motion for judgment notwithstanding the verdict. Dennis, who was neither a named insured nor a listed operator of the insured's vehicles, could qualify as an insured under the policy only as a "relative" who was "a resident in the same household" as his father.

GEICO contends that residency is a fact question and that the trial court erred in entering a judgment notwithstanding the verdict because there is substantial evidence to support the jury's finding of nonresidency. Holder contends that the trial court correctly ruled that the only reasonable conclusion that can be reached on the facts of the case is that Dennis, as a matter of law, was a resident of his father's household at the time of the accident, and, therefore, was covered by the insurance policy.

The essential facts are as follows: Dennis, an unmarried son of the insured, lived in his father's home from the latter part of November, 1977, up to and including the day of the accident, February 25, 1978. Previously he lived in Florida for nearly two years. In October, 1977, just prior to returning to Utah, he moved into an apartment with a friend. He paid half of the month's rent and remained there only for the month of October, 1977. When he left

Florida for his parents' home, to try to solve a health problem, he left some furniture, two television sets, a stereo, and some personal effects in the apartment. He paid no rent for the apartment for the month of November, 1977. At trial he could not recall the address of the apartment or the roommate's name, and had made no attempt to locate the address since arriving in Utah.

When Dennis arrived at his father's home, he had his car, his dog, and some personal effects. During the first month at his father's home, Dennis was ill. In December he obtained employment with a trucking company, earning approximately $600.00 per month, but did not look for another place to live. During the three months he lived in his father's home prior to the accident, the duration of his stay was never discussed, although Dennis testified at trial that he intended eventually to return to Florida, and his father testified that he was under the impression his son would not be staying with him long.

Approximately two months prior to the accident, Dennis moved with his parents from Ogden, Utah, to a residence in Slaterville, Utah. Dennis paid no rent to his parents during his stay, and received some financial assistance from them. When arrested for a traffic violation in January, 1978, he gave the investigating officer the address of his father's home as his personal address. He also gave his parents' address as his home on his job application with the trucking company and again at the time of the February 25 automobile accident.

■ The word resident has different shades of meaning, depending upon its context.[1] *Peninsula Insurance Co. v. Knight*, 254 Md. 461, 255 A.2d 55 (1969); *Newcomb v. Great American Insurance Co.*, 260 N.C. 402, 133 S.E.2d 3 (1963); 1 J. Beale, Conflict of Laws § 10.3 (1935). Although the term is frequently found in statutes, contracts and other legal documents, it has no precise, technical, and fixed definition applicable in all contexts and to all cases. *Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966). ". . . [T]he term is flexible, elastic, slippery and somewhat ambiguous." *Peninsula Insurance Co. v. Knight*, 254 Md. at 463, 255 A.2d at 56 (quoting 77 C.J.S. *Resident* at 305 (1952)).

There are, however, general guidelines applicable in this case which aid in its resolution. In *American Casualty Co. of Redding v. Equal Star Insurance Co.*, Utah, 568 P.2d 731, 734 (1977), this Court applied the established rule ". . . that if an insurance policy is ambiguous or uncertain, so that it is fairly susceptible of different interpretations, any doubt should be resolved in favor of insurance coverage."

The term "resident," as used in insurance policies, is sometimes used either to exclude residents of the insured's household from coverage or sometimes to extend coverage to such persons. The cases defining the term can roughly be divided according to this distinction:

> [I]nsofar as the cases involve insurance policies, they can be roughly divided into cases involving policies excluding from coverage of members of the insured's household, and those extending coverage to such persons . . . [I]n the extension cases the questioned terms are broadly interpreted, while in the exclusion cases the same terms are given a much more restricted interpretation. This is necessary because in both situations the courts favor an interpretation in favor of coverage . . . [T]hese cases illustrate that the interpretation of the terms involved is not fixed but varies according to the circumstances of the case. They also demonstrate that most courts will interpret the terms so as to extend the coverage if this can be done under any reasonable interpretation of the facts. [*Hardware Mutual Casualty Co. v. Home Indemnity*

---

1. "Domicile is the most steadfast of the words, and is pretty well anchored in legal literature so far as meaning is concerned. Residence, on the other hand, has an evasive way about it, with as many colors as Joseph's coat." *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957).

*Co.*, 241 Cal.App.2d 303, 50 Cal.Rptr. 508, 511–12 (1976) (quoting from *Cal-Farm Insurance Co. v. Boisseranc*, 151 Cal.App.2d 775, 312 P.2d 401 (1957)).]

See also *Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966); *Buddin v. Nationwide Mutual Insurance Co.*, 250 S.C. 332, 157 S.E.2d 633 (1967).

The policy in *Jamestown*, like the instant policy, provided coverage to any "relative . . . who is a resident of the same household" and therefore called for a construction of the provision in its inclusive sense. In that case, as in this, the issue was whether the insured's son was covered under the policy:

William Clark Hamrick had no home of his own. He went back to his father's house, carrying with him all his possessions. His intent was to remain there until living quarters more convenient to his employment could be found and the necessary arrangements made for his occupancy of them. In the meantime, he lived in and used his father's house as he had done when a boy, sleeping there, taking his meals there, having the run of the house, and having his laundry included in the family laundry. For all of this he paid no board. We think it clear that under these circumstances he was 'a resident of the same household' as his father. He is not in the same position as an adult child having a home of his own to which he intends to return and making a mere visit to his parents. Nor is he in the position of a mere roomer or boarder. He was there because he was a member of the family and had no other home. [*Id.* at 439, 146 S.E.2d at 417].

In *Jamestown* the court concluded a lengthy discussion of the term "resident" by stating:

When an insurance company, in drafting its policy of insurance, uses a 'slippery' word to mark out and designate those who are insured by the policy, it is not the function of the court to sprinkle sand upon the ice by strict construction of the term. All who may, by any reasonable construction of the word, be included within the coverage afforded by the policy should be given its protection. If, in the application of this principle of construction, the limits of coverage slide across the slippery area and the company falls into a coverage somewhat more extensive than it contemplated, the fault lies in its own selection of the words by which it chose to be found.

In the construction of contracts, even more than in the construction of statutes, words which are used in common, daily, non-technical speech, should, in the absence of evidence of a contrary intent, be given the meaning which they have for laymen in such daily usage, rather than a restrictive meaning which they may have acquired in legal usage. In the construction of contracts the purpose is to find and give effect to the intention of the contracting parties, if possible. Thus the definition of 'resident' in the standard, nonlegal dictionaries may be a more reliable guide to the construction of an insurance contract than definitions found in law dictionaries. Webster's New International Dictionary, 2d Ed., contains the following definition:

'Resident. One who resides in a place; one who dwells in a place for a period of more or less duration. *Resident* usually implies more or less permanence of abode, but is often distinguished from *inhabitant* as not implying as great fixity or permanency of abode.'

[*Id.* 146 S.E.2d at 416].

In reversing the lower court's decision that the insured's nephew was not an additional insured under an automobile policy, the court, in *Buddin v. Nationwide Mutual Insurance Co.*, 250 S.C. 332, 157 S.E.2d 633 (1967), noted that neither the payment of rent or board, the absence of control by the uncle over his nephew, nor the lack of permanent living arrangements between the persons alleged to be residents of the same household were determinative of the issue as to whether the nephew was a resident of his uncle's household. The unemployed nephew had moved into his bachelor uncle's

home and received money from his uncle to purchase food and clothing as well as aid in finding a job. When the nephew was employed, he made token weekly contributions toward the household expenses. The nephew was not restricted to any part of the house and he was not looking for another place to live. The court held:

The evidence here is susceptible of only one reasonable inference. This being true the court should have decided the issue as a matter of law and given to the inclusion clause contained in the policy here in question a broad and liberal construction. He should have held that the only reasonable inference to be drawn from the testimony was that [the nephew] was a relative resident of the same household as ... his uncle. It follows that [the nephew] was an additional insured under the policy issued by the respondent to [his uncle]. [*Id.* 157 S.E.2d at 637].

In *Hardware Mutual Casualty Co. v. Home Indemnity Co.*, 241 Cal.App.2d 303, 50 Cal.Rptr. 508 (1966), the issue was whether defendant was an additional insured under his aunt and uncle's policy. The court stated that " ... it was not necessary in order to be a resident of the same household for [defendant] to have been living there as a permanent family member, much less ... for him to be a member of the family living there permanently as one unit headed by [his uncle] for the promotion of their interest and happiness." *Id.* 50 Cal.Rptr. at 513. The court held:

We think that a resident of the same household is one, other than a temporary or transient visitor, who lives together with others in the same house for a period of some duration, although he may not intend to remain there permanently. In light of the applicable principles of construction stated above and the evidence

summarized by us, we are of the opinion that the trial court properly determined that under the terms of the policy Bowens was a relative of the named insured who was a resident of the same household. [*Id.* 50 Cal.Rptr. at 514].

See also *State Farm Mutual Automobile Insurance Co. v. Borg*, 396 F.2d 740 (8th Cir. 1968); *Peninsula Insurance Co. v. Knight*, 254 Md. 461, 255 A.2d 55 (1969).

■ In sum, the term "resident" as used for insurance coverage purposes does not contemplate the permanence associated with domicile. Although a truly short-term visitor who expects to stay for a definite period in an insured's household may not be a resident for insurance purposes, it clearly is not necessary, on the other hand, that a "resident" have a permanent or even necessarily a long-term living arrangement. *Hardware Mutual Casualty Co. v. Home Indemnity Co.*, 241 Cal.App.2d 303, 50 Cal. Rptr. 508 (1966); *Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966); *Newcomb v. Great American Insurance Co.*, 260 N.C. 402, 133 S.E.2d 3 (1963); *Buddin v. Nationwide Mutual Insurance Co.*, 250 S.C. 332, 157 S.E.2d 633 (1967). Even though a different place of abode in the future is anticipated, one does not thereby become a transient visitor. *State Farm Mutual Automobile Insurance Co. v. Borg*, 396 F.2d 740 (8th Cir. 1968).[2] See also *National Farmers Union Property & Casualty Co. v. Maca*, 26 Wis.2d 399, 132 N.W.2d 517 (1965).

■ In our view a relative is covered under an insurance policy that covers a "resident of the insured's household," if there is physical presence for a substantial period within a household which is his place of abode and where he is free to "hang his hat."[3]

**2.** Factors to be considered in determining whether a relative is a resident of the insured's household include the individual's physical presence or absence from the household, the relationship of the individual to the named insured, the circumstances surrounding the person's presence or absence from the insured's home, prior living arrangements of the individual, and the individual's intentions at various times regarding his place of residence.

**3.** In *American States Ins. Co., Pac. Div. v. Walker*, 26 Utah 2d 161, 164, 486 P.2d 1042, 1044 (1971), this Court was called upon to decide whether a child living *apart* from the parents' residence qualified as a resident of

In the instant case, defendant had lived at his father's home for three months prior to the accident. Before obtaining employment, he received financial assistance from his parents, and after obtaining work he continued to live with them. He moved with his family from one residence to another. He paid no rent to anyone, neither to his parents nor to any landlord in Florida, while living with his parents. Even if he were a resident of Florida, as contended by GEICO, that alone does not prevent him from also establishing residency at his father's home for purposes of insurance coverage. Nor does the fact that he did not intend to remain at his father's home permanently render him a "nonresident." Based on the cases cited by the parties and our review of the record, we find the evidence in the instant case is susceptible of only one reasonable interpretation.

Government Employees Insurance Company cites two cases which preclude a relative, a niece and a son-in-law respectively, living within the family household, from enjoying insurance coverage as a "resident of the insured's household." *Pamperin v. Milwaukee Mutual Insurance Co.*, 55 Wis.2d 27, 197 N.W.2d 783 (1972); *Indemnity Insurance Co. v. Sanders*, 169 Okl. 378, 36 P.2d 271 (1934). The cases, however, have no persuasive value in support of plaintiff's position since the cases are so clearly and substantially distinguishable on their facts from the instant case. It is, nevertheless, noteworthy that the reviewing courts found the respective parties to be "nonresidents" as a matter of law. This corresponds with Holder's position and our holding today that the issue of whether one is a resident of the insured's household, under certain clear cut factual patterns, can be determined as a matter of law. See also *State Farm Mutual Automobile Insurance Co. v. Borg*, 396 F.2d 740 (8th Cir. 1968); *Peninsula Insurance Co.*

that household for purposes of insurance coverage. In that context, the court stated:

> A resident of a household is one who is a member of a family who live under the same roof. Residence emphasizes membership in a group rather than an attachment to a building. It is a matter of intention and choice rather than one of geography.

*v. Knight*, 254 Md. 461, 255 A.2d 55 (1969). We affirm the lower court's determination that the only possible inference which can be drawn from the undisputed facts set forth above is that William Charles Dennis was a resident of his father's household for purposes of inclusion in his father's automobile liability insurance policy.

Affirmed. Costs to respondents.

HALL, C. J., OAKS and HOWE, JJ., and J. ROBERT BULLOCK, District Judge, concur.

Ordinarily when a child is away from home attending school, he remains a member of the family household, and the question of when he ceases to be such is one which must be determined from all of the facts and circumstances as revealed by the evidence.