### 69616. HOWARD v. DOE.
(330 SE2d 370)

BENHAM, Judge.

Appellant, a Tennessee resident acting as the next friend of his minor son, filed suit against appellee, John Doe, the alleged unknown driver of a motor vehicle, claiming that appellee was the sole and proximate cause of the accident in which appellant's son was injured. The accident occurred in Catoosa County, Georgia; the driver and occupants of appellant's car were all Tennessee residents covered by an insurance policy issued in Tennessee. Royal Insurance Company ("Royal") was served with process as appellant's uninsured motorist insurance carrier and, pursuant to OCGA § 33-7-11 (d), asserted its defenses to the action. Royal's position was that since the contract was executed and delivered in Tennessee in accordance with Tennessee law, the law of that state should apply to the case. Tenn. Code Ann. § 56-7-1201 (2) (e) provides that "[i]f the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless: (1) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured. . . ." The corresponding provision in Georgia requires actual physical contact by the unknown motorist unless "the description of the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." OCGA § 33-7-11 (b) (2).

The depositions that were taken revealed it to be undisputed that appellant's vehicle had no contact with another vehicle, and that

the injuries suffered occurred when the driver, appellant's minor daughter, who was knowingly driving in excess of the speed limit, lost control of appellant's vehicle and skidded off the road. There were no eyewitnesses to the collision who remember seeing another vehicle. The only testimony regarding a second vehicle in the vicinity before the accident was from a woman who did not see the accident itself, but only heard the sound of an impact and saw appellant's car in a yard moments later. Royal moved for and was granted summary judgment, the grant of which appellant enumerates as error. We affirm.

" 'Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. . . .' [C]ontracts made and performed in another state will be enforced unless such state's laws are contrary to the public policy of the enforcing state. . . . 'A contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest clearly appears.' [Cit.]" *Terry v. Mays*, 161 Ga. App. 328, 329 (291 SE2d 44) (1982). See also *Gen Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344 (309 SE2d 152) (1983).

Appellant having made no showing of prejudice to the public interest, we find that Tennessee law is the law to be applied in this case, and that the trial court correctly ruled in appellee's favor. "Under [the] Georgia [conflict of laws rule] the place of the delivery of the insurance contract controls. [Cits.] The insurance contract at issue in this case was executed and delivered in the state of [Tennessee] and, therefore, [Tennessee] law governs the determination of the substantive issues." *Casey Enterprises v. Am. Hardware &c. Ins. Co.*, 655 F2d 598, 602 (5th Cir. 1981).

The cases cited by appellant, *Hartford Acc. &c. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976); and *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970), are inapplicable to the case before us, since they do not involve interstate conflict of laws issues. Assuming arguendo that Georgia law applies, the trial court was still correct in granting summary judgment, since there was no corroborative description of the occurrence as required by OCGA § 33-7-11 (b) (2).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 11, 1985 —
REHEARING DENIED MARCH 29, 1985.

*Marshall M. Bandy, Jr.*, for appellant.

*David W. Noblit,* for appellee.