22976

Edgar ANCRUM, plaintiff v. UNITED STATES
FIDELITY & GUARANTY COMPANY, Defendant.
(389 S. E. (2d) 645)

Supreme Court

*Mark C. Tanenbaum* and *Julia Ann Gold*, Charleston, *for plaintiff.*

*Elliott T. Halio*, of *Halio & Halio*, of Charleston, *for defendant.*

*Thomas C. Salane*, of *Turner, Padget, Graham & Laney,* Columbia, *amicus curiae for American Ins. Ass'n.*

*Kathryn Williams*, Greenville, *amicus curiae for South Carolina Trial Lawyers Ass'n; R. Lewis Johnson*, of *Barnes, Alford, Stork & Johnson*, Columbia, *amicus curiae, for South Carolina Defense Trial Lawyers Ass'n.*

Heard Sept. 19, 1988.

Decided Feb. 21, 1989.

*Per Curiam:*

This is a certified question regarding liability of a worker's compensation insurance carrier for a negligent safety inspection of its insured's plant. Pursuant to Supreme Court Rule 46, we accepted the following question on cer-

tification from the United States District Court for the District of South Carolina:

> Does the South Carolina Workers' Compensation Act, and its exclusive remedy provisions, bar an action by an employee, injured while acting in the course and scope of his employment, against the employer's workers' compensation carrier based upon that carrier's negligence in performing safety inspections when the carrier voluntarily performs these inspections?

Plaintiff's (Employee's) arms were severed when his clothing caught in an unshielded gear at the insured's (Employer's) plant. Employee commenced this action against defendant (Carrier) for negligence in performing a safety inspection. Carrier moved to dismiss the action on the ground Employee's exclusive remedy was under the Workers' Compensation Act.

Under the Workers' Compensation Act, an employee's exclusive remedy against his employer for personal injury is entitlement to the statutory benefits provided by the Act. S. C. Code Ann. §§ 42-1-540 and -5-10 (1985). The Act allows for a third party action against "any person other than the employer." S. C. Code Ann. § 42-1-550 (1985). Specifically, the Act provides the exclusivity bar "shall not apply to injuries resulting from acts of a subcontractor of the employer." S. C. Code Ann. § 42-1-540 (1985).

The dispositive question is whether Carrier stands in the shoes of Employer and can therefore claim the exclusivity bar under the Act, or whether Carrier is a third party that may be liable at common law for a negligent safety inspection. Cases from other jurisdictions are conflicting. *See generally* Annot. 93 A. L. R. (2d) 598 (1964); 2A Larson, *The Law of Workmen's Compensation* §§ 72.90-72.98 (1987). Decisions on the issue are based on specific statutory authority[1] or reflect pure policy considerations.

---

[1] We note that the North Carolina statute, which is similar to our Act, has not been construed by that state's high court. The only case discussing the North Carolina statute is out of the federal district court finding the carrier entitled to the exclusivity bar. *Smith v. Liberty Mutual Ins. Co.*, 449 F. Supp. 928 (D. C. N. C. 1978), *aff'd*, 598 F. (2d) 616 (4th Cir. 1979).

We hereby adopt the following rule. A worker's compensation insurance carrier enjoys the employer's immunity under the Act except when the carrier stands in the position of a third party unrelated to its function as compensation carrier. *See Sims v. American Casualty Co.*, 131 Ga. App. 461, 206 S. E. (2d) 121 (1974); 2A Larson, *supra*, at § 72.96.

This rule is consistent with existing South Carolina case law. For instance, in *Cook v. Mack's Transfer & Storage*, 291 S. C. 84, 352 S. E. (2d) 296 (Ct. App. 1986), *cert. denied*, 292 S. C. 230, 355 S. E. (2d) 861 (1987), the Court of Appeals held an employee could not maintain a bad faith claim against a worker's compensation carrier because the Act provides a statutory remedy for refusal to pay benefits. *See* S. C. Code Ann. § 42-17-20 (1985). In the situation before the Court in *Cook*, the carrier was functioning in its capacity as compensation carrier and not as an unrelated third party. The carrier was therefore properly entitled to the exclusivity bar. *See also Hill v. Skinner*, 195 S. C. 330, 11 S. E. (2d) 386 (1940) (carrier entitled to exclusivity bar for liability from exercise of employer's right under the Act to demand medical examination).

In this case, the narrow focus is whether Carrier was functioning in its capacity as compensation carrier or as an unrelated third party in performing the alleged negligent safety inspection. Because the contract between the parties was not submitted to this Court as part of the record, this determination must be made by the trial court.

We offer the following guidelines. Carriers may perform safety inspections to assess risk and reduce on-the-job injuries in order to minimize benefit payments and premium increases. In such a case, safety inspections would be integral to the function of a worker's compensation carrier. On the other hand, a carrier may contract with an employer as an independent provider of safety inspections undertaking the employer's legal duty to provide a reasonably safe workplace. In this situation, the carrier would be performing as a third party and would not be immune from liability. Evidence of such an agreement could include specific contractual language or payment of additional fees for these services. *See e.g., Salvo v. Hewitt, Coleman & Associates, Inc.*, 274 S. C. 34, 260 S. E. (2d) 708 (1979).

If performance of the safety inspection was pursuant to Carrier's function as a carrier, Employee's action will be barred by the exclusivity provision. If, however, Carrier contracted to perform this inspection as a third party, it has gone beyond its role under the Act and will not be privileged to immunity.

Certified question answered.