A89A0669. BELK v. DOE.
(382 SE2d 195)

BANKE, Presiding Judge.

The appellant brought this "John Doe" action to recover uninsured motorist insurance benefits allegedly due him as the result of an automobile accident which occurred in Monroe County, Georgia, when an unknown driver forced his vehicle off the roadway without actually making contact with it. An independent eyewitness corroborated the appellant's description of how the accident occurred. The appellant is a Tennessee resident and was covered under a policy of automobile insurance issued in Tennessee by State Farm Mutual Automobile Insurance Company. He caused State Farm to be served with process in the present action as his uninsured motorist carrier. The trial court granted summary judgment to State Farm based on application of Tennessee law, and this appeal followed. *Held*:

Under the Tennessee uninsured motorist statute, Tenn. Code

Ann. § 56-7-1201 (2) (e), there must be "actual physical contact" between the vehicles in order for the coverage to apply where the driver causing the injury is unknown. In Georgia, on the other hand, actual physical contact is not required if an eyewitness corroborates the event. OCGA § 33-7-11 (b) (2). The appellant urges that this conflict should be resolved by application of Georgia law as the lex loci delecti, while State Farm argues that the trial court properly applied Tennessee law as the lex loci contractus. Based on this court's decision in *Howard v. Doe*, 174 Ga. App. 415 (330 SE2d 370) (1985), which is factually indistinguishable from the present case, we hold that application of Tennessee law was appropriate under the circumstances and that the trial court consequently did not err in granting State Farm's motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*James & Carey, James D. Carey*, for appellant.
*Martin, Snow, Grant & Napier, Walter E. King III*, for appellee.