James David SANDERS, Plaintiff,

v.

John DOE, Defendant.

Civ. A. No. CV691–002.

United States District Court,
S.D. Georgia,
Statesboro Division.

Sept. 14, 1993.

Michael Keith Mixson, Middleton & Mixson, P.C., Savannah, GA, Thomas W. Greene, Charleston, SC, for plaintiff.

John Thomas Woodall, Woodall & Mackenzie, Savannah, GA, for defendant.

## ORDER

BOWEN, District Judge.

Before the Court is a motion for summary judgment filed by Aetna Casualty & Surety Company (Aetna), the uninsured motorist insurance carrier in this diversity action against an unknown motorist. Aetna contends that Plaintiff James David Sanders is barred as a matter of law from recovering

uninsured motorist benefits from Aetna, having recovered workers' compensation benefits in connection with the subject vehicular accident. For the reasons stated below, Aetna's Motion is **DENIED**.

## I. BACKGROUND

On February 28, 1989, Plaintiff was seriously injured in a vehicular accident on Highway 73 in Tattnall County, Georgia. At the time of this accident, Plaintiff was driving a GMC van owned by his employer, Consolidated Biscuit Company (CBC). Plaintiff was acting within the course of his employment with CBC when the accident occurred. Plaintiff alleges that as he was traveling north on Highway 73, a logging truck overtook him from behind, attempted to pass, and struck the van when it reentered the northbound lane in front of the van. As a result of the alleged contact between the vehicles, Plaintiff lost control of the van, which left the roadway and overturned several times. The logging truck failed to stop at the scene of the accident. The identity and whereabouts of the motorist who allegedly caused the accident are unknown. Plaintiff alleges the accident left him permanently disabled.

Plaintiff filed this action against "John Doe" and served Aetna with process pursuant to O.C.G.A. § 33–7–11(d), Georgia's uninsured motorist statute, seeking to collect uninsured motorist benefits. Aetna is the uninsured motorist insurer for CBC. In force at the time of the accident was an automobile insurance contract between Aetna and CBC (the Policy), pursuant to which Aetna provides $1,000,000.00 of uninsured motorist coverage for numerous CBC-owned vehicles located in several states. The Policy incorporates by reference an endorsement which states in part: "[Aetna] will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle' because of 'bodily injury' caused by an 'accident.'" That the Policy covers the van driven by Plaintiff at the time of the accident is undisputed. CBC's headquarters corporate offices are located in McComb, Ohio. The Policy was issued and delivered in Ohio. Plaintiff was employed by CBC at its offices in Charleston Heights, South Carolina. As a regional salesman for CBC, Plaintiff's job duties required that he travel into numerous states, including Georgia. The van was licensed in South Carolina.

Aetna is also CBC's workers' compensation insurance carrier. Following his accident, Plaintiff filed a claim for workers' compensation benefits in the State of South Carolina. Plaintiff executed a full and final release of his workers' compensation claim by contract with Aetna and CBC in the form of a stipulation approved by the Workers' Compensation Board of South Carolina.[1]

## II. ANALYSIS

### A. Requirements for Summary Judgment

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). When the *moving* party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, "on all the essential elements of its case ..., no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). When the *non-moving* party has the burden of proof at trial, the moving party may carry its burden

---

1. Uncontroverted factual allegations contained in a party's statement of undisputed material facts are deemed admitted. Local Rule 6.6.

at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial, *see Clark*, 929 F.2d at 606–608 (explaining *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); merely *stating* that the non-moving party cannot meet its burden at trial is *not* sufficient, *Clark*, 929 F.2d at 608. Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

If—and *only* if—the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033–34 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514. A genuine issue of material fact will be said to exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510.

The clerk has given the non-moving party notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and of the consequences of de-

fault; thus, the notice requirements of *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration. The Court will proceed to review the applicable substantive law and inquire whether the moving party—and, if necessary, the non-moving party—has carried its burden as set forth above. *See Clark*, 929 F.2d at 609 n. 9.

## B. Choice of Law

■ A point of particular contention and confusion in this case has been which state's substantive law is applicable to Plaintiff's uninsured motorist claim.[2] By Order dated October 29, 1992, the United States Magistrate Judge, John W. Dunsmore, Jr., held that South Carolina law applies because the van was licensed in South Carolina. Because neither party appealed the Magistrate Judge's October 29 Order and, as shown below, the Magistrate Judge's conclusion appears correct when Georgia choice of law principles are applied,[3] South Carolina substantive law will determine whether Plaintiff is entitled to collect uninsured motorist benefits from Aetna.

■ A federal court sitting in diversity must apply the forum state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 674, 61 S.Ct. 734, 85 L.Ed. 1115 (1941). An action to recover uninsured motorist benefits is an action to enforce a contract—the insurance contract providing the uninsured motorist coverage. *Belk v. Doe*, 191 Ga.App. 475, 382 S.E.2d 195 (Ga.App. 1989); *Howard v. Doe*, 174 Ga.App. 415, 330 S.E.2d 370 (Ga.App.1985). In contract ac-

---

**2.** As the parties note, at first glance the facts of this case do not seem conducive to a mechanical choice of law analysis: this action was brought by a South Carolina resident pursuant to Georgia's uninsured motorist statute to collect uninsured motorist benefits provided under an Ohio automobile insurance policy covering a South Carolina-licensed van, in connection with an accident that occurred in Georgia.

**3.** The Magistrate Judge relied on S.C.Code Ann. § 38–61–10, which states that "[a]ll contracts of insurance on property ... in this State are considered to be made in this State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State."

tions, Georgia courts apply the traditional *lex loci contractus* rule: a contract is governed as to its nature, validity and interpretation by the law of the state where the contract was made, unless it appears from the contract itself that the contract was to be performed in another state. *General Telephone Co. of Southeast v. Trimm,* 252 Ga. 95, 311 S.E.2d 460 (Ga.1984). The Policy does not contain a choice of law provision. Although the Policy was issued and delivered in Ohio, it contemplates "performance" in states other than Ohio by listing as insured numerous CBC-owned vehicles garaged in other states. The van Plaintiff was injured in was licensed in the State of South Carolina and, from the evidence presented thus far, was garaged and principally used in South Carolina. The state of "performance" appears to be South Carolina, the state out of which Plaintiff worked and where the van was licensed. Therefore, South Carolina law determines Plaintiff's right to recover uninsured motorist benefits from Aetna.

## C. The Parties' Arguments

Aetna argues, based on Plaintiff's undisputed recovery of workers' compensation benefits, that no uninsured motorist benefits otherwise payable to Plaintiff under the Policy may be recovered by Plaintiff. Aetna relies on the exclusive remedy clause of South Carolina workers' compensation law, S.C.Code Ann. § 42–1–540.[4] Under § 42–1–540, workers' compensation is an employee's

**4.** S.C.Code Ann. § 42–1–540 provides:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

Provided, however, this limitation of actions shall not apply to injuries resulting from acts

exclusive remedy against his or her employer for work-related injuries. Aetna is not Plaintiff's employer. However, Aetna maintains that as CBC's uninsured motorist carrier, it is an alter ego of CBC and thus "immunized" under S.C.Code Ann. § 42–1–540. Therefore, Aetna reasons, any uninsured motorist benefits otherwise payable to Plaintiff under the Policy may not be recovered by Plaintiff since he was paid workers' compensation benefits. Plaintiff argues in response that the exclusive remedy rule of South Carolina workers' compensation law which protects CBC from liability for his work-related injuries does not operate to release Aetna from its contractual obligations as the uninsured motorist carrier.

## D. Under South Carolina Law, Does Plaintiff's Recovery of Workers' Compensation Benefits Bar Him from Recovering Uninsured Motorist Benefits from Aetna?

By statute in South Carolina all automobile insurance contracts must include uninsured motorist coverage. S.C.Code Ann. § 38–77–150.[5] This requirement is imposed to further public policy aimed at protecting insured motorists against loss caused by the wrongful conduct of an uninsured motorist. *See generally Ferguson v. State Farm Mut. Auto. Ins. Co.,* 261 S.C. 96, 198 S.E.2d 522 (S.C.1973). Aetna's liability, if any, under the uninsured motorist endorsement and South Carolina law "is contractual in nature and arises after the liability of the uninsured motorist has been established...." *Id.,* 198 S.E.2d at 524.

of a subcontractor of the employer or his employees or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer.

**5.** S.C.Code Ann. § 38–77–150 provides in pertinent part: "No automobile insurance policy or contract may be issued or delivered unless it contains a provision by endorsement or otherwise ... undertaking to pay the insured all sums which he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle...."

■ Aetna has established, indeed Plaintiff concedes, there is no issue of fact regarding whether Plaintiff received workers' compensation benefits in connection with his accident. Clearly, Aetna's argument that the exclusive remedy provision of South Carolina workers' compensation law bars Plaintiff from recovering uninsured motorist benefits from Aetna, if correct, warrants summary judgment for Aetna. However, Aetna's interpretation of the exclusive remedy rule overextends the rule's intended scope. Aetna fails to distinguish the nature of those actions the exclusive remedy rule is designed to provide employers protection against and the nature of an action to recover uninsured motorist benefits.

■ The principal object of the workers' compensation laws is to provide a statutory limit on an employer's liability for work-related injuries, yet ensure remuneration for employees who are injured on the job, without regard to questions of negligence or assumption of risk.

> The American concept of workmen's compensation is founded upon recognition , of the advisability, from the standpoint of society as well as of employer and employee, of discarding the common law idea of *tort* liability in the employer-employee relationship and of substituting therefor the principle of liability on the part of the employer, regardless of fault, to compensate the employee, in predetermined amounts based upon his wages, for loss of earnings resulting from accidental injury arising out of and in the course of the employment.

*Case v. Hermitage Cotton Mills*, 236 S.C. 515, 530–31, 115 S.E.2d 57, 66 (S.C.1960) (emphasis added). *Cf. Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 86–87, 352 S.E.2d 296, 298 (S.C.App.1986), *cert. denied*,

292 S.C. 230, 355 S.E.2d 861 (S.C.1987). Workers' compensation laws shift the risk of work-related injury from the employee to the employer but compromise the employee's right to sue at common law. The employer's protection from suit by the injured employee, however, is not so broad to encompass any conceivable form of action. Rather, workers' compensation laws are intended to shield the employer, and any other statutorily-insulated entity, from liability in tort actions. *Wright v. Smallwood*, —— S.C. ——, 419 S.E.2d 219, 221 (S.C.1992). Uninsured motorist coverage sounds in contract. Thus, S.C.Code Ann. § 42–1–540 does not preclude Plaintiff's recovery of uninsured motorist benefits from Aetna. *See id.* [6]

■ Moreover, this is not the type of case, as Aetna would have it, where an employer's insurer is considered the employer's alter ego in applying the exclusive remedy clause of S.C.Code Ann. § 42–1–540. A workers' compensation carrier enjoys the employer's workers' compensation immunity only to the extent the carrier functions as the workers' compensation carrier. *Ancrum v. U.S. Fidelity & Guar. Co.*, 301 S.C. 32, 389 S.E.2d 645 (S.C.1989). Immunity does not extend to the compensation carrier when it acts as a third party in a manner unrelated to its function as the compensation carrier. *Id.* For example, when a compensation carrier contracts with an employer to act as an independent provider of safety inspections, thereby undertaking the employer's legal duty to provide a reasonably safe work place, it functions as a third party and is not insulated from liability for negligence. *Id.* Aetna's role as the uninsured motorist carrier for CBC is entirely unrelated to its role as CBC's workers' compensation carrier. The alter ego immunity for workers' compensation carriers described in *Ancrum* is not intended to eviscerate a contractual obligation to pay uninsured motorist benefits to an individual legally entitled to recover such

---

**6.** Although the parties have not addressed it, I note that the uninsured motorist endorsement incorporated in the Policy provides under a section entitled "Exclusions" that the uninsured motorist coverage "does not apply to ... [t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation .·.. law." To

the extent this "exclusion" purports to limit or exclude uninsured motorist coverage where there is an available remedy under the workers' compensation laws, it is unenforceable under South Carolina law as contrary to public policy. *See Ferguson*, 261 S.C. 96, 198 S.E.2d 522.

benefits. Under South Carolina law and the express terms of the Policy, Plaintiff may recover uninsured motorist benefits from Aetna upon showing he is legally entitled to recover such benefits. Aetna's Motion for Summary Judgment is DENIED.[7]

ORDER ENTERED.

7. Aetna previously filed another Motion for Summary Judgment and a Motion to Dismiss, which was treated as a motion for summary judgment. By Order dated January 23, 1992, the Court gave counsel for Aetna until January 28, 1992, to file a motion to add Aetna as a party Defendant in this case, and deferred ruling on the Motions for Summary Judgment until that date. Counsel did not seek leave to add Aetna as a party, but filed a new Motion for Summary Judgment on behalf of "Aetna Casualty & Surety Company Intervenor/Defendant." The Court assumes Aetna intended to supersede its previous Motions with its latest Motion for Summary Judgment. Accordingly, all Motions for Summary Judgment filed by Aetna are treated as one.