A00A0336, A00A0337. O'NEAL v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and vice versa.
(533 SE2d 781)

BLACKBURN, Presiding Judge.

In Case No. A00A0336, Earl Michael O'Neal appeals the trial court's order granting summary judgment to the defendant, State Farm Mutual Automobile Insurance Company (State Farm), in the underlying action involving O'Neal's uninsured motorist claim against his insurance carrier, State Farm. Applying Tennessee law, the trial court granted summary judgment to State Farm based upon O'Neal's failure to comply with the notice provisions in the insurance contract. O'Neal contends that, under Georgia law, an issue of fact remains as to whether timely notice was provided. In Case No. A00A0337, State Farm cross-appeals the denial of its motion for summary judgment on coverage grounds. For the reasons set forth below, the trial court properly applied Tennessee law and properly granted summary judgment to State Farm on the notice issue. Additionally, State Farm's cross-appeal is moot, and we decline to address it.

*Case No. A00A0336*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In the present case, it is undisputed that O'Neal is a Tennessee resident and the insurance contract was executed and delivered in Tennessee. O'Neal asserts that on February 5, 1996, he was injured

while he was a passenger in a rental car which was involved in a collision with a large bale of hay attached to the front end of a farm tractor. The collision occurred in Georgia. The rental car was not badly damaged, and the police were not notified of the collision. O'Neal avers that he called State Farm to provide notice of the collision within two or three months after it occurred. O'Neal deposed that he left a message with Linda who worked in the agent's office. Linda Gentry, who works in the agent's office, avers that O'Neal first notified her on March 10, 1997, over 13 months after the collision.

. The insurance contract pertinently provides that any person making a claim under the uninsured motor vehicle coverage shall: "report an accident to the police within 24 hours and to us within 30 days which involves a land motor vehicle whose owner or operator is unknown."

1. The initial question raised is one of choice of law. Contrary to O'Neal's assertions, the present action sounds in contract rather than tort. See *Belk v. Doe*, 191 Ga. App. 475, 476 (382 SE2d 195) (1989).

> Under the Georgia conflict of laws rule the place of the delivery of the insurance contract controls. The insurance contract at issue in this case was executed and delivered in the state of Tennessee and, therefore, Tennessee law governs the determination of the substantive issues.

(Citations and punctuation omitted.) *Howard v. Doe*, 174 Ga. App. 415, 416 (330 SE2d 370) (1985). In *Howard*, we applied Tennessee law to the insurance contract executed and delivered in Tennessee, even though the accident occurred in Georgia. Id. The place of the accident is not controlling if the cause of action sounds in contract rather than tort. Id. Therefore, the trial court appropriately applied Tennessee law.

2. It is undisputed that O'Neal failed to comply with the notice provision. The insurance policy required notice within 30 days and a police report within 24 hours. Construing the evidence in the light most favorable to O'Neal, he informed State Farm of the collision two to three months after it happened, and the police were not informed for more than a year after the collision.

Pursuant to *Alcazar v. Hayes*, 982 SW2d 845, 856 (Tenn. 1998),

> once it is determined that the insured has failed to provide timely notice in accordance with the insurance policy, it is presumed that the insurer has been prejudiced by the breach. The insured, however, may rebut this presumption by proffering competent evidence that the insurer was not prejudiced by the insured's delay.

The Tennessee Supreme Court continued with a nonexclusive list for determining whether the insurer had been prejudiced:

> the availability of witnesses to the accident; the ability to discover other information regarding the conditions of the locale where the accident occurred; any physical changes in the location of the accident during the period of the delay; the existence of official reports concerning the occurrence; the preparation and preservation of demonstrative and illustrative evidence, such as the vehicles involved in the occurrence, or photographs and diagrams of the scene; the ability of experts to reconstruct the scene and the occurrence; and so on.

(Punctuation omitted.) Id. The Tennessee Supreme Court recognized that the burden placed on the insured to "prove what information the insurer would have been able to discover had notice been promptly provided" was difficult. "However, [the Court was] less sympathetic to the insured in this instance, since the insured bears sole responsibility for breaching a term of the contract that was intended to preserve fairness to the insurer." Id.

O'Neal offered no evidence and, thus, failed to carry his burden of proving that the insurer was not prejudiced by his delay in notifying State Farm. This is particularly true where, as in the present case, the claimant seeks damages for a collision which took place in another state between an unmanned tractor and a rental car rented and driven by a third party. The trial court did not err in granting summary judgment to State Farm.

### Case No. A00A0337

3. In Case No. A00A0337, State Farm cross-appeals the trial court's denial of its motion for summary judgment on the ground that the unmanned tractor qualified as an "off-road vehicle" which was not on the roadway at the time of the collision thereby excluding coverage. However, as we have affirmed the trial court's grant of summary judgment to State Farm on lack of timely notice grounds, State Farm's cross-appeal is moot and will not be addressed.

*Judgment affirmed in Case No. A00A0336. Appeal dismissed in Case No. A00A0337. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 14, 2000 —
RECONSIDERATION DENIED MAY 1, 2000 —

*Van C. Wilks*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, Kenneth B. Crawford*, for appellee.