THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mark and Beth-Ann Altstaetter, Appellants,
 v.
 Liberty Insurance Corporation and Liberty Mutual Insurance Company, Respondents.
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Circuit Court Judge

Unpublished Opinion No. 2007-UP-299
Submitted May 1, 2007  Filed June 8, 2007

AFFIRMED

 
 
 
 Terry Wayne Yarbrough, of Beaufort, for Appellants.  
 Pope D. Johnson, III, of Columbia, for Respondents.
 
 
 

PER
 CURIAM:  Mark Altstaetter
 and Beth-Ann Altstaetter appeal the grant of summary judgment in favor of
 Liberty Insurance Corporation and its subsidiary, Liberty Mutual Insurance
 Company (collectively Liberty).  We
 affirm.[1]
FACTS
Mark Altstaetter sustained an injury while working for Balfour
 Beatty, Inc. (Employer).  Liberty provided workers compensation
 coverage for Employer.  Altstaetter filed a workers compensation claim against
 Employer and Liberty.  Liberty appointed Sandy Mayhew, an employee of Liberty, as the nurse case manager for the claim.  As a nurse case manager, Mayhew takes
 an active role in managing the treatment of a claimant, utilizing her nursing
 skills.  Altstaetter concluded Mayhew neglected to inform him of his true
 diagnosis, exacerbating his condition.  The Altstaetters filed this action
 against Liberty alleging, inter alia, negligence, breach of fiduciary
 duty, and breach of good faith and fair dealing.  Liberty moved for dismissal
 alleging the Workers Compensation Act provided the Altstaetters exclusive
 remedy.  
After
 reviewing affidavits and considering the parties arguments, the court treated
 the matter as a motion for summary judgment and granted Liberty relief.  The
 court denied the Altstaetters motion for reconsideration and motion to correct
 a scriveners error.  
STANDARD OF REVIEW
Summary
 judgment is proper when there is no genuine issue as to any material fact, and
 the moving party is entitled to judgment as a matter of law.  Fleming v.
 Rose, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002).  In determining
 whether any triable issue of fact exists, the evidence and all inferences,
 which can reasonably be drawn therefrom, must be viewed in the light most
 favorable to the nonmoving party.  Faile v. S.C. Dept of Juvenile Justice,
 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002).  
LAW/ANALYSIS
I.
The Altstaetters argue the circuit court
 erred in finding as an undisputed fact that Liberty was functioning in its
 capacity as the workers compensation carrier and entitled to an employers
 immunity under the South Carolina Workers Compensation Act.  We disagree.
Employers are immune from tort actions by employees for
 work-related accidents or injuries because the Workers Compensation Act
 provides the exclusive remedy for an employee.  S.C. Code Ann. § 42-1-540
 (1985); Fuller v. Blanchard, 358 S.C. 536, 541, 595 S.E.2d 831, 834 (Ct.
 App. 2004).  In Ancrum v. U.S.
 Fidelity & Guaranty Co., our
 supreme court addressed the certified question of whether the immunity provided
 to an employer extended to workers compensation insurance carriers.  301 S.C.
 32, 32, 389 S.E.2d 645, 645 (1989).  The court concluded a carrier enjoys an
 employers immunity under the act except when the carrier stands in the
 position of a third party unrelated to its function as a compensation carrier.  Id. at 34, 389 S.E.2d at 646.  
In Ancrum,
 the carrier provided safety inspections for its insured employers.  Id. at 32, 389 S.E.2d at 645.  The court provided a guideline to determine whether a
 carrier functioning in such a capacity acted as a carrier or as an unrelated
 third party:

 Carriers
 may perform safety inspections to assess risk and reduce on-the-job injuries in
 order to minimize benefit payments and premium increases.  In such a case,
 safety inspections would be integral to the function of a workers compensation
 carrier.  On the other hand, a carrier may contract with an employer as an
 independent provider of safety inspections undertaking the employers legal
 duty to provide a reasonably safe work place.  In this situation, the carrier
 would be performing as a third party and would not be immune from liability. 
 Evidence of such an agreement could include specific contractual language or
 payment of additional fees for these services.

Id. at 34, 389 S.E.2d at 646.  By contrast, this court in Fuller, refused to extend the employers statutory immunity to a
 physician.  358 S.C. at 543, 595 S.E.2d at 834-35.  In Fuller, the
 allegedly negligent physician was an employee of Doctors Care, providing
 services to employees of Westinghouse pursuant to an agreement between Doctors
 Care and Westinghouse.  Id. at 539, 595 S.E.2d at 833.  Based on
 Westinghouses lack of the right to control the physician, this court concluded
 the physician was an independent contractor of Westinghouse.  Id. at
 543, 595 S.E.2d at 835.  See S.C. Code Ann. § 42-1-560 (1985) (providing
 remedies from third parties).
In
 this case, we agree with the circuit court that, even in the light most
 favorable to the Altstaetters, Mayhew was an employee of Liberty, acting in the
 scope of employment, in furtherance of Libertys function as an insurance
 carrier rather than as an unrelated third party.[2] 
 Liberty provided nurse case managers as an ongoing part of its insurance
 carrier service to its employer clients.  The nurses were Liberty employees and
 worked exclusively on workers compensation cases.  Thus, we apply Ancrum and conclude Liberty is entitled to the immunity provided employers in the
 act.  
II.
The
 Altstaetters also contend the circuit court erred in:  (1) interpreting Ancrum to mean there is a grant of immunity for any conduct of the carrier in trying
 to return the employee to work; (2) holding that bad faith claims do not exist
 if the bad faith occurs while trying to get the employee back to work as soon
 as possible; and (3) holding that the Ancrum court granted absolute
 immunity to the workers compensation carrier for any conduct the carrier
 undertakes so long as the purpose is to return the employee to work as soon as
 possible.  These issues are not properly preserved for our review.  Where an
 issue presented to the trial court is not explicitly ruled on in the final
 order, the issue must be raised by an appropriate post-trial motion to be
 preserved for appeal.  Shealy v. Aiken County, 341 S.C. 448, 460, 535
 S.E.2d 438, 444-45 (2000) (finding where the trial judge does not explicitly
 rule on an argument raised, and the issue is not raised in a Rule 59 motion,
 the appellate court may not address the issue).  
CONCLUSION
Based
 on the foregoing, we find the court did not err in granting summary judgment.  Accordingly, the order on appeal is 
AFFIRMED.
STILWELL,
 SHORT, and WILLIAMS, JJ., concur.
 

 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.
 [2] We acknowledge the issue of whether Liberty was functioning as a carrier
 is not undisputed, as argued by the Altstaetters in their post-trial motion to
 correct a scriveners error and on appeal.  However, we find no genuine issue
 of material fact as to this issue and accordingly view the circuit courts use
 of the term undisputed as a scriveners error not entitling the Altstaetters
 to relief.  See Owners Ins. Co. v. Clayton, 364 S.C. 555, 563,
 614 S.E.2d 611, 615 (2005) (finding error without prejudice does not warrant
 reversal).