## 19670

Gladys P. FERGUSON, Executrix of the Estate of James A. Ferguson, Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(198 S. E. (2d) 522)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,* cite:

*Messrs. Watkins, Vandiver, Kirven, Long and Gable,* of Anderson, *for Respondent,* cite:

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,* in Reply.

August 2, 1973.

Moss, Chief Justice:

James A. Ferguson, on September 27, 1966, while driving his own automobile and in the course of his employment, lost his life in a collision with an automobile driven by an uninsured motorist, George T. Bailey.

Gladys P. Ferguson, executrix of the estate of James A. Ferguson, the respondent herein, brought suit against Robert L. Waldrep, Jr., as administrator of the estate of George T. Bailey, for the wrongful death of the said James A. Ferguson. This action resulted in a verdict and judgment for the respondent in the amount of $100,000 and said judgment was entered of record, on October 29, 1969, in the office of the Clerk of Court for Anderson County, South Carolina.

At the time James A. Ferguson lost his life, he was engaged in the course and scope of his employment so as to be covered under the South Carolina Workmen's Compensation Act. Pursuant thereto, his statutory dependents were paid $11,515.74 by Liberty Mutual Insurance Company, the compensation carrier for his employer. Thereafter, on July 25, 1968, Liberty Mutual waived its right to any of the proceeds to the extent of any recovery made under Coverage U, the uninsured motorist endorsement, contained in the automobile liability insurance policy which was issued by State Farm Mutual Automobile Insurance Company, the appellant herein, to James A. Ferguson, which said policy was issued prior to his death and was in full force and effect at said time.

The appellant, by the terms of Coverage U, and in accordance with the requirements of Sections 46-750.32 and 46-750.33 of the Code, promised:

"To pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automoibile because of:

"(a) bodily injury, sickness or disease, including death resulting therefrom hereinafter called 'bodily injury', sustained by the insured. . . . caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

The respondent brought this action against the appellant alleging that by virtue of her judgment against the estate of George T. Bailey that the appellant was liable to her under Coverage U of its liability insurance policy, before mentioned, in the amount of $10,000, with interest thereon from October 29, 1969, the date of the entry of judgment.

The appellant, by answer, admitted its policy was in full force and effect at the time of Ferguson's death, but denied that any amount was due under it to the respondent because of the following exclusions and conditions contained in Insuring Agreement III. The exclusion set forth by the appellant is as follows:

"This coverage does not apply:

(d) so as to inure directly or indirectly to the benefit of any Workmen's Compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any Workmen's Compensation or disability benefits law or any similar law;" and the condition set forth as follows:

(d) any amount payable to an insured under the term of this coverage shall be reduced by . . . (2) the amount paid and the present value of all amounts payable to such an insurer under any Workmen's Compensation law, exclusive of non-occupational disability benefits. . . ."

This case came on for trial by agreement of the parties before The Honorable E. Harry Agnew, Resident Judge,

upon the pleadings and agreed stipulation of facts. Thereafter, the trial judge issued his order granting the respondent judgment against the appellant in the amount of $10,000 with interest at the legal rate from October 29, 1969. This appeal followed.

The appellant contends that the trial judge was in error in failing to reduce the payment under the uninsured motorist endorsement by the amount received by the insured under the South Carolina Workmen's Compensation Act. Based upon the foregoing, it is the position of the appellant that the respondent has recovered $11,515.74 under the South Carolina Workmen's Compensation Act, which amount exceeds the $10,000 policy limit contained in the uninsured motorist provision and because thereof the respondent is not entitled to recover any amount from the appellant.

The provision for reduction in payments under the uninsured motorist endorsement of amounts paid under our Workmen's Compensation Law is a question of first impression in this State. The uninsured motorist endorsement is the contract which the insurance company makes with the insured to protect him against the uninsured motorist. It was not the purpose of the uninsured motorist endorsement to provide coverage for the uninsured vehicle, its owner or operator, but was to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle. *Laird v. Nationwide Ins. Co.,* 243 S. C. 388, 134 S. E. (2d) 206.

The public policy declared by our uninsured motorist statute imposes an obligation on insurers to provide protection to their insureds against loss caused by wrongful conduct of an uninsured motorist, and any limiting language in an insurance contract which had the effect of providing less protection than made obligatory by the statutes is contrary to public policy and is of no force and effect.

The contract of insurance between the appellant and Ferguson was controlled by and subject to our uninsured motorist act, and any policy provisions inconsistent therewith are void and the pertinent provisions of the statutes prevail as much as if expressly incorporated in the policy. *Southern Farm Bureau Cas. Ins. Co. v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769. To permit the appellant, under the uninsured motorist endorsement, to exclude coverage where the insured is entitled to workmen's compensation for his injury or death would be a limitation upon the statutory coverage required by our uninsured motorist statutes.

Since this Court has not had the occasion to consider a provision in the uninsured motorist clause of an insurance policy to the effect that any loss payable under such provision shall be reduced by an amount paid under any workmen's compensation law, we must turn to other jurisdictions that have considered the question.

The general rule supported by the majority of the decided cases is that an uninsured motorist endorsement provision for the reduction of payments by amounts received by the insured under any workmen's compensation law has been held void or invalid and unenforceable, on the ground that such provision reduced the effective coverage below that required by the statute and was contrary to public policy.

We quote the following from *Stephens v. Allied Mutual Ins. Co.,* 182 Neb. 562, 156 N. W. (2d) 133, 26 A. L. R. (3d) 873:

"The general rule is that an insurer may not limit its liability under uninsured motorist coverage by setoffs or limitations through 'other insurance,' excess insurance, or medical payment reduction clauses, and this is true even when the setoff for the reduction is claimed with respect to a separate, independent policy of insurance (workmen's compensation) or other insured motorist coverage. And this is true because the insured is entitled to recover the same amount he would have recovered if the offending motorist had maintained li-

ability insurance. *Phoenix Ins. Co. v. Kincaid* (Fla. App.), 199 So. (2d) 770; *Sellers v. United States Fidelity & Guaranty Co.* (Fla.), 185 So. (2d) 689; *Standard Accident Ins. Co. v. Gavin* (Fla. App.), 184 So. (2d) 229; *Sims v. National Casualty Co.* (Fla. App.), 171 So. (2d) 399; *Hack v. Great American Ins. Co.* (Fla. App.), 175 So. (2d) 594."

The foregoing rule was followed in *Booth v. Seaboard Fire &Marine Ins. Co.*, 8 Cir., 431 F. (2d) 212, where it was held that the estate of the insured could recover benefits under the uninsured motorist coverage of the decedent's insured's automobile liability policy undiminished by workmen's compensation benefits, notwithstanding the provision in the uninsured motorist coverage which reduced damages by the amount paid or payable under any workmen's compensation law, disability benefits law and any similar law. The Court stated that this provision was invalid as being repugnant to the public policy requiring the particular uninsured motorist policy to provide a policy of minimal limits.

Numerous other cases have followed the rule above announced, among them being: *Carter v. Saint Paul Fire & Marine Ins. Co.*, D. C., 283 F. Supp. 384, Aff. 8 Cir., 413 F. (2d) 539; *Mason v. Allstate Ins. Co.*, Fla. App., 189 So. (2d) 907; *Southeast Title & Ins. Co. v. Austin*, Fla., 202 So. (2d) 179; *Peterson v. State Farm Mut. Auto. Ins. Co.*, 238 Or. 106, 393 P. (2d) 651; *State Farm Mutual Auto Ins. Co. v. Cahoon*, 287 Ala. 462, 252 So. (2d) 619; *Michigan Mutual Liability Co. v. Mesner*, 2 Mich. App. 350, 139 N. W. (2d) 913; *Safeco Ins. Co. v. Jones*, 286 Ala. 606, 243 So. (2d) 736; and *Preferred Risk Mutual Ins. Co. v. Holmes*, 287 Ala. 251, 251 So. (2d) 213.

It is our conclusion that the appellant's liability under the uninsured motorist endorsement is contractual in nature and arises after the liability of the uninsured motorist has been established and is not subject to reduction by the amounts received by the respondent here under the Workmen's Compensation Law for the reason that

,such provision places a limitation upon the requirement of the statute and conflicts with the terms thereof. It is, therefore, illegal and of no effect.

The appellant charges the trial judge with error in allowing the respondent to recover interest from the date of the judgment entered against the uninsured motorist.

The exception posing this question is without merit.

All of the exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.