24031

Larry WILLIAMSON and Carolinas Association of General Contractors Self-Insurance Fund and Stanly Lines Construction, Respondents v. UNITED STATES FIRE INSURANCE COMPANY, Appellant.

(442 S.E. (2d) 587)

Supreme Court

*Frank S. Potts of Lide, Montgomery & Potts, P.C.,* Columbia, *for appellant.*

*Leigh J. Leventis,* Columbia, *for respondents.*

Submitted Jan. 19, 1994.

Decided Mar. 21, 1994.

Toal, Justice:

This is an appeal in a declaratory judgment action which was brought to construe the provisions of an automobile insurance policy. At issue is whether an employer's underinsurance carrier may offset workers' compensation benefits received by an employee. The trial judge held that a policy clause providing for an offset for workers' compensation benefits was void as against public policy. We REVERSE.

## FACTS

Larry Williamson ("Williamson") sustained injuries of $99,993.52 in a motor vehicle accident while performing duties in the course and scope of his employment. He was not at fault in the accident. The at-fault driver carried only the statutory minimum coverage of $15,000. This amount was paid to Williamson by the at-fault driver's insurance company.

Williamson also received $35,743.52 in workers' compensation benefits. Williamson's $15,000 recovery from the at-fault driver was subrogated and used to satisfy the workers' compensation lien in full.

Williamson's employer, Stanly Lines Construction, Inc., carried underinsured motorists coverage with a policy limit of $500,000 which it had purchased from United States Fire Insurance Co. ("Insurer"). The terms of the policy required an offset for amounts received under any workers' compensation law. The Insurer paid $64,250 to Williamson in underinsurance benefits.

The Insurer brought a declaratory judgment action claiming that by paying Williamson $64,250 it had fully satisfied its obligations under the policy.[1] Williamson has received full payment for his injuries of $99,993.52 as follows: $64,250 from the Insurer and $35,743.52 in workers' compensation benefits. Williamson is seeking an additional $20,743.52 he claims is due, for a total recovery of $120,737.04 whereas his injuries were $99,993.52.

The trial judge held the Insurer was not entitled to a setoff as a matter of public policy. On appeal, the Insurer claims it has satisfied its obligations under the policy by its previous payment of $64,250.

### LAW/ANALYSIS

The relevant provision of the insurance policy in the case under consideration is as follows:

2. Any amount payable under this insurance shall be reduced by:
   a. All sums paid or payable under any uninsured (or "underinsured") motorists coverage applicable to the vehicle involved in the "accident."
   b. All sums paid or payable under any workers' compensation, disability benefits or similar law, but only if "bodily injury" was caused by a vehicle described in paragraph b of the definition of "uninsured motor vehicle," and
   c. All sums paid by or for anyone who is legally responsible, including all sums paid under the policy's LIABILITY COVERAGE.

---

[1] The Insurer is claiming an offset in the amount of $20,743.52, the difference between the $35,743.52 in workers' compensation benefits paid to the employee, and the $15,000 of liability insurance paid by the at-fault driver's insurer. The $15,000 of liability insurance was used to fully satisfy the lien of the workers' compensation carrier. The $20,743.52 remaining in dispute is being held in a fund pending the outcome of this appeal.

Although the policy required an offset for workers' compensation benefits, the plaintiff argued that S.C. Code Ann. § 38-77-160 (1989) prohibiting subrogation or assignment of underinsurance benefits and our previous decision in *Ferguson v. State Farm Mutual Automobile Insurance Co.*, 261 S.C. 96, 198 S.E. (2d) 522 (1973) would bar such an offset. We disagree.

The applicable statute is S.C. Code Ann. § 38-77-220 (1989), which provides as follows:

> The automobile policy *need not insure any liability under the Workers' Compensation Law nor any liability on account of bodily injury to an employee of the insured* while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance, or repair of the motor vehicle nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured. [Emphasis added.]

The Supreme Court of North Carolina interpreted an almost identical statute in *Manning v. Fletcher*, 324 N.C. 513, 379 S.E. (2d) 854 (1989), in which it held that an offset for workers' compensation benefits was permitted in cases where the employer purchased the insurance policy. The court based its decision on two public policy considerations:

> First, the section relieves the employer of the burden of paying double premiums (one to its workers' compensation carrier and one to its automobile liability policy carrier), and second, the section denies the windfall of a double recovery to the employee.
>
> In the case *sub judice,* plaintiff's employer purchased the liability insurance policy. Because the statute permits the employer to reject underinsured motorist coverage, the employer had no obligation to provide that coverage for his employees. . . . [T]he employer was able to purchase such coverage at modest cost because the underinsured motorist coverage was specifically limited to its face amount . . . reduced by the aggregate of liability coverage payments received by the employee from the tortfeasor and workers' compensation benefits received from the employer. [Citations omitted.]

*Id.* 379 S.E. (2d) at 856-57.

We find the reasoning in *Manning* persuasive. In *Ferguson v. State Farm Mutual Automobile Insurance Co.*, 261 S.C. 96, 198 S.E. (2d) 522 (1973), we held that an insurer cannot offset workers' compensation benefits received by an employee, notwithstanding policy provisions to the contrary. *See also* 12A George J. Couch, Couch on Insurance 2d § 45:652 (Mark S. Rhodes, ed. 1981). *Cf. Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 311 S.E. (2d) 723 (1984) (holding it is contrary to public policy to offset amount insured can recover under underinsured motorist coverage by amount received from at-fault motorist).

*Ferguson* is distinguishable in that it involved a claim for uninsured benefits by an individual who had purchased the insurance policy. In this case, however, the policy was purchased by Williamson's employer, not by Williamson. The same statute and public policy does not operate in cases where voluntary coverage has been provided by an employer.

South Carolina law provides that automobile insurance policies need not cover liability under the worker's compensation law nor liability for bodily injury to an insured's employee. S.C. Code Ann. § 38-77-220 (1989). As long as the employee is able to fully recover the damages sustained, we believe the better public policy is to encourage employer voluntary coverage by not exposing employers to mandatory duplicative insurance premiums and by not allowing duplicative recoveries by employees. We therefore hold that S.C. Code Ann. § 38-77-220 (1989) allows an employer's automobile insurance carrier to offset workers' compensation benefits received by an employee. The offset shall be applied against the total of damages sustained once the employee has been fully compensated for the injuries.

In this case, Williamson sustained damages of $99,993.52, for which he collected workers' compensation benefits of $35,743.52. We hold the Insurer, underinsurance carrier, is entitled to an offset in the amount of $20,743.52 against the total damages sustained.

Reversed.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.