530 S.E.2d 896

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Mayo Rudy CALCUTT, Respondent.**

**No. 3159.**

Court of Appeals of South Carolina.

Heard March 9, 2000.
Decided May 1, 2000.

C. Mitchell Brown and William C. Wood, Jr., both of Nelson, Mullins, Riley & Scarborough, of Columbia, for appellant.

David E. Massey, of Fedor, Massey, Whitlark & Ballou, of Columbia, for respondent.

CONNOR, Judge:

This appeal arises from a declaratory judgment action to construe the provisions of an automobile insurance policy. At issue is whether State Farm, Mayo Rudy Calcutt's underinsurance carrier, may offset workers' compensation benefits Calcutt may receive. The trial judge held the policy clause providing for a setoff of workers' compensation benefits conflicted with applicable underinsured motorist coverage statutes and violated public policy. We reverse.

## FACTS

On March 31, 1994, Calcutt was injured in a motor vehicle accident while operating his employer's vehicle within the course and scope of his employment. Calcutt sued the alleged

at-fault driver and eventually settled for the policy limits of $15,000, in exchange for a covenant not to execute.

Calcutt's employer, Dillard Paper, did not have underinsured motorist (UIM) coverage on its vehicle. However, at the time of the accident, Calcutt had a personal UIM policy with State Farm with limits of $25,000/$50,000 for bodily injury. The policy provided the UIM benefits would be reduced by amounts received under workers' compensation.[1]

Calcutt demanded payment of the UIM benefits from State Farm while he had a pending claim for workers' compensation benefits. State Farm brought this declaratory judgment action to determine whether State Farm could apply the setoff provision. Calcutt counterclaimed seeking a declaration that State Farm's policy provision violated public policy, conflicted with South Carolina insurance statutes, and violated Calcutt's right to equal protection under the United States and South Carolina Constitutions. Both parties moved for summary judgment.

Following the summary judgment hearing, the court found State Farm's setoff provision conflicted with applicable UIM statutes and violated public policy because the employee, rather than the employer, purchased the coverage. The court granted Calcutt's motion for summary judgment, finding the setoff provision invalid and unenforceable. This appeal followed.

## LAW/ANALYSIS

### I.

State Farm argues the trial court erred by finding a policy clause providing for a setoff of workers' compensation benefits conflicted with insurance statutes of this State and violated public policy.

---

1. In relevant part, Calcutt's policy for UIM coverage with State Farm provides:

 Any amount payable under this coverage shall be reduced by any amount paid or payable under any:
 a. workers' compensation;
 . . . .
 This does not reduce the limits of liability of this coverage.

## INSURANCE STATUTES

The trial court found the provision of Calcutt's UIM policy allowing a setoff of workers' compensation benefits violated sections 38–77–30(15) and –160 of the South Carolina Code.

■ "Insurance policies are subject to general rules of contract construction." *Gambrell v. Travelers Ins. Cos.*, 280 S.C. 69, 71, 310 S.E.2d 814, 816 (1983). Parties to an insurance policy have a right to make their own contract, and courts should not "rewrite it or torture the meaning of a policy to extend coverage never intended by the parties." *Torrington Co. v. Aetna Cas. & Sur. Co.*, 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975). Courts should "give policy language its plain, ordinary and popular meaning." *Gambrell*, 280 S.C. at 71, 310 S.E.2d at 816.

■ Statutory provisions relating to an insurance contract are part of the contract as a matter of law. *Jordan ·v. Aetna Cas. & Sur. Co.*, 264 S.C. 294, 214 S.E.2d 818 (1975). To the extent a policy provision conflicts with an applicable statutory provision, the statute prevails. *Id.*

■ Section 38–77–30(15) [2] merely defines "underinsured motor vehicle." S.C.Code Ann. § 38–77–30(15) (Supp.1999). An at-fault motorist's vehicle is underinsured if it has at least the minimum liability coverage required by law and the insured's damages exceed those limits. *Id.; see id.* § 38–77–140 (providing minimum liability coverage requirements). Nothing in State Farm's offset provision changes or contradicts the definition of an "underinsured motor vehicle."

Similarly, nothing in section 38–77–160, which provides for UIM policies, conflicts with the setoff provision in Calcutt's policy. The South Carolina Supreme Court has addressed a similar setoff provision in an employer's UIM policy. *Williamson v. United States Fire Ins. Co.*, 314 S.C. 215, 442 S.E.2d 587 (1994). In *Williamson*, the Supreme Court allowed UIM benefits to be offset by the workers' compensation benefits received by the injured employee. It did so because

---

**2.** Both parties refer to subsection (14); however, section 38–77–30 has been renumbered with no substantive change to the definition of an "underinsured motor vehicle." *See* S.C.Code Ann. § 38–77–30 (Supp. 1997).

the coverage was voluntarily provided by the employer and "South Carolina law provides that automobile insurance policies need not cover liability under the workers' compensation law nor liability for bodily injury to an insured's employee." *Id.* at 219, 442 S.E.2d at 589. The Court reasoned that employers should not be subject to duplicative recoveries by their employees when voluntarily providing their employees with excess coverage. *Id.*

In the present case, the employee purchased and paid the premiums on the UIM policy, not the employer. However, section 38–77–160 does not prohibit a setoff provision, regardless of whether the employer or the employee purchased the UIM policy. Therefore, State Farm's setoff provision does not conflict with our insurance laws.

## PUBLIC POLICY

The trial court also found State Farm's setoff provision violated public policy.

As support for its finding, the judge cites *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 198 S.E.2d 522 (1973). *Ferguson* held "any limiting language in an insurance contract which ha[s] the effect of providing less protection than that made **obligatory** by the statutes is contrary to public policy and is of no force and effect." *Id.* at 100, 198 S.E.2d at 524 (emphasis added). Specifically, the Court held an insurer's liability under an uninsured motorist (UM) policy is not subject to a reduction under a setoff provision included in the UM policy. *Id.* at 102–03, 198 S.E.2d at 525. The Court explained:

The general rule supported by the majority of the decided cases is that an **uninsured** motorist endorsement provision for the reduction of payments by amounts received by the insured under any workmen's compensation law has been held void or invalid and unenforceable, on the ground that such a provision reduced the effective coverage below that **required by the statute** and was contrary to public policy.

*Id.* at 101, 198 S.E.2d at 525 (emphasis added).

The linchpin of *Ferguson* is the mandatory nature of UM coverage. That case held that a setoff provision should not reduce the minimum coverage required by law. In contrast,

UIM coverage is optional coverage, *i.e.*, coverage not required by law. *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 311 S.E.2d 723 (1984). The public policy in *Ferguson* that prohibits mandatory UM coverage from being subject to a setoff provision does not apply to optional UIM coverage.

As discussed above, in *Williamson*, the Supreme Court ruled an employer's UIM carrier could, based on a similar setoff provision, offset workers' compensation benefits received by the injured employee. The Supreme Court differentiated *Williamson* from *Ferguson* by explaining:

> *Ferguson* is distinguishable in that it involved a claim for **uninsured** benefits by an individual who had purchased the insurance policy. In this case, however, the policy was purchased by Williamson's employer, not by Williamson. The same statute and public policy does not operate in cases where **voluntary coverage** has been provided by an employer.

*Williamson*, 314 S.C. at 219, 442 S.E.2d at 589 (emphasis added). The Court noted the policy in *Williamson* was voluntary rather than mandatory. *Id.* Because the public policy rationale of the *Ferguson* decision was based on the mandatory nature of UM coverage, the *Williamson* court's distinction between mandatory UM coverage and voluntary UIM coverage is significant.[3]

While *Williamson* only addresses setoff provisions in terms of employers' policies, we find no reason voluntary UIM coverage held by an employee should be treated differently. Accordingly, a setoff provision in a voluntary UIM policy would be equally enforceable whether purchased by an employer or an employee.

The State Farm policy neither conflicts with the insurance statutes nor violates the public policy of this State. Therefore, the setoff should be applied as provided in Calcutt's UIM policy.

---

**3.** In its order the trial court cites *National Farmers Union Prop. & Cas. Co. v. Bang*, 516 N.W.2d 313 (S.D.1994), and *Selected Risks Ins. Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989), for the proposition that the majority of jurisdictions considering setoff provisions have declared them invalid. However, those cases dealt with mandatory uninsured motorist coverage, rather than voluntary underinsured motorist coverage.

## II.

State Farm contends the trial court erred by improperly addressing State Farm's offer of UIM coverage when the issue was not raised in the pleadings and no evidence was presented on the issue. Similarly, State Farm argues the trial court erred in making a finding regarding fault in the accident giving rise to this claim.

 A declaratory judgment action to determine coverage under an insurance policy is an action at law. *Travelers Indem. Co. v. Auto World of Orangeburg, Inc.*, 334 S.C. 137, 511 S.E.2d 692 (Ct.App.1999). In an action at law, the trial judge's factual findings will not be disturbed on appeal unless a review of the record reveals there is no evidence which reasonably supports the judge's findings. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976).

The trial court stated:

When Mr. Calcutt purchased UIM coverage from State Farm it was mandatory that Mr. Calcutt be provided an offer of UIM coverage in accordance with *State Farm Mutual Auto. Ins. v. Wannamaker*, 219 [291] S.C. 518, 354 S.E.2d 555 (S.C.1987). The mandatory offer required by *Wannamaker* does not intelligibly [apprise] the insured of the insurer's claim to an offset of UIM benefits based upon available workers['] compensation benefits.

This statement was unsupported by the record before the trial court. Neither party presented evidence concerning the form of the offer State Farm made to Calcutt. The evidence in this matter consisted solely of the pleadings and the relevant insurance policy provisions. Further, Calcutt never asserted a claim about the lack of an adequate offer of UIM coverage.

Similarly, the trial court found, "The driver of the other vehicle was at fault." This finding is also unsupported by the record. No evidentiary basis exists in the record to support the trial court's finding of fault.

For the foregoing reasons, the order of the circuit court is **REVERSED.**

HOWARD and SHULER, JJ., concur.