703 S.E.2d 509

Darryl SWEETSER, Individually and on Behalf of
all Others Similarly Situated,[1] Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF INSURANCE
RESERVE FUND, Respondent.

No. 26905.

Supreme Court of South Carolina.

Heard Nov. 18, 2010.

Decided Dec. 20, 2010.

---

1. As of this juncture there is no class action.

David L. Hood, of Georgetown, and Mark D. Chappell and W. Hugh McAngus, Jr., both of Chappell, Smith & Arden, of Columbia, for Appellant.

Andrew F. Lindemann, of Davidson & Lindemann, of Columbia, for Respondent.

Acting Chief Justice PLEICONES.

Appellant was injured when his employer's vehicle in which he was riding as a passenger collided with a vehicle driven by an uninsured driver. Appellant has collected $13,520.21 in workers' compensation benefits, and has a tort suit pending against the uninsured driver. Respondent issued an automobile liability policy to employer. It provides for $15,000 in uninsured motorist (UM) coverage, but also has an offset clause for compensation benefits. Fifteen thousand dollars is the minimum coverage under the UM statute. S.C.Code Ann. § 38–77–150 (2002).

Appellant filed this declaratory judgment action seeking a determination whether his tort recovery can be offset against his compensation award if the result of that offset would be to reduce his recovery under the UM provision below $15,000. The trial court granted respondent summary judgment, hold-

ing that the policy's offset clause [2] was "valid and enforceable" even if the effect were to reduce appellant's recovery below the statutorily mandated minimum coverage. Appellant appeals. We affirm.

## ISSUE

Can a workers' compensation offset clause be applied so as to reduce an employee's recovery under an employer's automobile liability policy's UM coverage below the statutory mandatory minimum?

## ANALYSIS

■ All motor vehicles required to be registered in South Carolina must be insured. S.C.Code Ann. § 56–10–10; § 56–10–220 (2004). Pursuant to South Carolina's automobile insurance statute, "No automobile insurance policy ... may be issued or delivered unless it contains a provision by endorsement or otherwise [providing] uninsured motorist [UM]" coverage. § 38–77–150(A).[3] However, this chapter also contains S.C.Code Ann. § 38–77–220, titled "Additional liability which automobile insurance policy need not cover," which provides:

The automobile policy need not insure any liability under the Workers' Compensation Law nor any liability on account of bodily injury to an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance, or repair of the motor vehicle nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured.

This case presents the novel question whether, when an employer chooses to cover its non-domestic employee under an automobile liability policy, the employee's recovery under the policy's mandatory UM coverage can be reduced by, or offset

---

**2.** Respondent's policy covers the following "limit of liability:"

> 3. Any amount payable under this insurance shall be reduced by:
> a. All sums paid or payable under any workers' compensation ... law

**3.** Subject, of course, to persons who opt to be uninsured under § 56–10–510.

against, the workers compensation benefits received by the employee.

■ When an employer has chosen to insure his non-domestic employees under his automobile liability policy, and a part of that policy has voluntary underinsured (UIM) coverage, that policy may lawfully provide for a set-off of UIM benefits against the compensation benefits received by an injured employee. *Williamson v. U.S. Fire Ins. Co.*, 314 S.C. 215, 442 S.E.2d 587 (1994).

In *Williamson,* the Court was asked whether an employer's automobile liability policy which contained a workers' compensation offset provision would apply to an employee claim for UIM benefits. The *Williamson* opinion noted that in *Ferguson v. State Farm Mut. Auto. Ins. Co.,* 261 S.C. 96, 198 S.E.2d 522 (1973), the Court struck down a provision in an employee's own policy which purported to offset workers compensation benefits against the employee's UM recovery. In *Ferguson,* the Court stated:

> The public policy declared by our uninsured motorist statute imposes an obligation on insurers to provide protection to their insureds against loss caused by wrongful conduct of an uninsured motorist, and any limiting language in an insurance contract which had the effect of providing less protection than made obligatory by the statutes is contrary to public policy and is of no force and effect.

There is no mention of the predecessor to § 38–77–220 in the *Ferguson* decision. Appellant relies on this passage from *Ferguson* to argue for reversal.

*Williamson* distinguished *Ferguson* because the policy in *Ferguson* was the employee's own while *Williamson* involved the employer's policy. The *Williamson* opinion also states "The same statute and public policy does not operate in cases where voluntary coverage has been provided by an employer." It is not immediately clear what "same statute" or "voluntary coverage" the *Williamson* court is referring to here. We conclude, and appellant agreed at oral argument, that the reference to a statute is to § 38–77–220. Moreover, the reference to voluntary coverage is not to UIM coverage, but rather to the employer's voluntary decision to purchase bodily injury coverage for its non-domestic employees.

The parties make much of the fact that the predecessor to § 38–77–220 was not cited in *Ferguson.* We find the omission easily explainable as that statute applies only to employers who are purchasing automobile insurance policies.[4] Section 38–77–220 first permits an automobile policy to exclude "any liability under the Workers' Compensation Law." Second, the statute permits an employer to exclude an employee, other than a "domestic," altogether from bodily injury coverage under the policy. *Williamson, supra; see also State Farm Mut. Ins. Co. v. James,* 337 S.C. 86, 522 S.E.2d 345 (Ct.App. 1999) (repeating this holding).

Section 38–77–220 can only apply to employers as only they can "insure any liability under" compensation law or have employees. *Williamson* also holds that one of the policies underlying § 38–77–220 is to relieve the employer of paying double premiums, one to its workers' compensation carrier and one to its automobile liability policy carrier, a policy consideration which is not applicable to employees. Read in context, and made somewhat more clear in the next paragraph of the opinion, *Williamson* holds not only that § 38–77–220 did not apply in *Ferguson,* but that also the public policy against permitting an offset against UM benefits expressed in *Ferguson* does not apply to employer-purchased liability policies.

Appellant also relies on the following passage from *Williamson* to argue that the compensation offset is only available to an employer who voluntarily purchases UIM coverage and not to the statutorily mandated UM coverage:

> As long as the employee is able to fully recover the damages sustained, we believe the better public policy is to encourage employer voluntary coverage by not exposing employers to mandatory duplicative insurance premiums and by not allowing duplicative recoveries by employees. We therefore hold that S.C. CODE ANN. § 38–77–220 (1989) allows an employer's automobile insurance carrier to offset workers' compensation benefits received by an employee. The offset

---

4. To the extent *State Farm Mut. Auto. Ins. Co. v. Calcutt,* 340 S.C. 231, 530 S.E.2d 896 (Ct.App.2000) conflicts with this interpretation of § 38–77–220, it is overruled.

shall be applied against the total of damages sustained once the employee has been fully compensated for the injuries. *Williamson*, 314 S.C. at 219, 442 S.E.2d at 589.

Read in context, the "voluntary" reference in this *Williamson* passage and in the passage cited earlier, is to employers who voluntarily decide to cover their non-domestic employees despite the opt-out provision of § 38–77–220 and not, as appellant would read it, to voluntary coverages such as UIM.

The public policy of this State is to encourage employers to voluntarily purchase bodily injury coverage for their employees in their automobile liability policies. *Williamson, supra.* Once such policy is bought, it will necessarily include mandatory UM coverage as required by § 38–77–150. *See Antley v. Nobel Ins. Co.*, 350 S.C. 621, 567 S.E.2d 872 (Ct.App.2002). If an employer opts to provide voluntary bodily injury coverage for his employees, no public policy is violated if the employer is permitted to offset the employee's recovery under the automobile policy against the employee's compensation benefits, so long as that offset does not operate so as to make the employee less than whole. Here, assuming appellant receives some recovery in his tort suit against the uninsured driver, the first $13,520.21 of that recovery will be offset against the policy, and appellant will then draw against the $15,000 in employer-provided UM coverage until his damages are paid or the policy limit is reached.[5]

## CONCLUSION

The circuit court order permitting respondent to offset appellant's workers' compensation benefits against his recovery under the automobile liability policy is

**AFFIRMED.**

KITTREDGE, HEARN, JJ., and Acting Justices JAMES E. MOORE and J. ERNEST KINARD, concur.

---

5. To the extent that *Antley* indicates that the Court of Appeals would reach a different result, it is overruled.