**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Larry Brand, Appellant,

v.

Allstate Insurance Company, Respondent.

Appellate Case No. 2016-002050

———————

Appeal From Williamsburg County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-050
Submitted November 1, 2017 – Filed January 31, 2018

———————

**AFFIRMED**

———————

Patrick James McLaughlin, of Wukela Law Office, of Florence, for Appellant.

John S. Wilkerson, III, of Turner Padget Graham & Laney, P.A., of Charleston, and R. Hawthorne Barrett, of Turner Padget Graham & Laney, P.A., of Columbia, both for Respondent.

———————

**PER CURIAM:** Larry Brand appeals the circuit court's order granting partial summary judgment to Allstate Insurance Company (Allstate) in a declaratory judgment action determining Brand's entitlement to Allstate's underinsured

motorist (UIM) coverage. Brand argues the circuit court erred in holding (1) Allstate had the right to offset employee-purchased UIM coverage with paid workers' compensation benefits; (2) Allstate's UIM coverage was secondary UIM coverage for amounts $25,000.01 through $354,750.75; and (3) assuming the circuit court was correct in finding Allstate's UIM coverage was secondary, Allstate's UIM coverage was not triggered until a judgment exceeding $1,025,000.00 was awarded. We affirm pursuant to Rule 220(b) and the following authorities:

1. As to issue 1: *Auto Owners Ins. Co. v. Newman*, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009) ("A declaratory judgment action is neither legal nor equitable, and therefore, the standard of review is determined by the nature of the underlying issue."); *Auto-Owners Ins. Co. v. Hamin*, 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct. App. 2006) ("When the purpose of the underlying dispute is to determine whether coverage exists under an insurance policy, the action is one at law. In an action at law tried without a jury, the appellate court will not disturb the [circuit] court's findings of fact unless they are found to be without evidence that reasonably supports those findings."); S.C. Code Ann. § 38-77-160 (2015) ("[Automobile insurance] carriers shall also offer, at the option of the insured, [UIM] coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute."); *Broome v. Watts*, 319 S.C. 337, 341, 461 S.E.2d 46, 48 (1995) ("The very definition of UIM insurance mandates a [setoff]."); *State Farm Mut. Auto. Ins. Co. v. Calcutt*, 340 S.C. 231, 236, 530 S.E.2d 896, 898 (Ct. App. 2000) ("[A] setoff provision in a voluntary UIM policy would be equally enforceable whether purchased by an employer or an employee."), *overruled on other grounds by Sweetser v. S.C. Dep't of Ins. Reserve Fund*, 390 S.C. 632, 703 S.E.2d 509 (2010).

2. As to issues 2 and 3: *Williams v. Gov't Emps. Ins. Co.*, 409 S.C. 586, 594, 762 S.E.2d 705, 709 (2014) ("An insurance policy is a contract between the insured and the insurance company, and the policy's terms are to be construed according to the law of contracts."); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect."); *Cobb v. Benjamin*, 325 S.C. 573, 587-89, 482 S.E.2d 589, 596-97 (Ct. App. 1997) (holding a UIM carrier was entitled to credit for the full amount of primary liability coverage before the UIM coverage became payable, even when the plaintiff settled with the primary liability carrier for less than the policy limit); *Collins Music Co. v. Smith*, 332 S.C. 145, 147, 503 S.E.2d 481, 482 (Ct. App. 1998) ("It is well settled in this state that 'there

can be no double recovery for a single wrong and a plaintiff may recover his actual damages only once.'" (quoting *Taylor v. Hoppin' Johns, Inc.*, 304 S.C. 471, 475, 405 S.E.2d 410, 412 (Ct. App. 1991))).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.