# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Stephany A. Connelly and James M. Connelly, Plaintiffs,

v.

The Main Street America Group, Old Dominion Insurance Company, Allstate Fire and Casualty Insurance Company, Debbie Cohn, and Freya Trezona, Defendants,

Of which Allstate Fire and Casualty Insurance Company, The Main Street America Group, and Old Dominion Insurance Company are the Appellants,

And

Stephany A. Connelly and James M. Connelly are the Respondents.

Appellate Case No. 2017-002234

---

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

---

Opinion No. 5755
Submitted June 1, 2020 – Filed August 12, 2020

---

**AFFIRMED**

---

Thomas Frank Dougall and Michal Kalwajtys, both of Dougall & Collins, of Elgin, for Appellants The Main Street America Group and Old Dominion Insurance Company.

Alfred Johnston Cox and Ashley Berry Stratton, both of Gallivan, White & Boyd, PA of Columbia, for Appellant Allstate Fire and Casualty Insurance Company.

Theile Branham McVey and John D. Kassel, both of Kassel McVey, of Columbia, for Respondents.

---

**THOMAS, J.:**  Stephany A. Connelly (Connelly) and James M. Connelly (collectively, Respondents) filed this declaratory judgment action against The Main Street America Group (MSA), Old Dominion Insurance Company (Old Dominion), Allstate Fire and Casualty Insurance Company (Allstate) (collectively, Insurers), Debbie Cohn, and Freya Trezona.[1]  Insurers appeal the trial court's grant of summary judgment to Respondents.  Insurers argue the trial court erred in (1) finding legal entitlement to recovery is not a condition precedent to recovery of uninsured motorist coverage; (2) finding the immunity granted by the Workers' Compensation Act transforms a fully insured vehicle into an uninsured vehicle; and (3) failing to effectuate legislative intent.  We affirm.

## I.    STIPULATED FACTS

The parties filed a Joint Stipulation of Facts.  Old Dominion issued an automobile liability insurance policy (Old Dominion Policy) to Cohn containing liability coverage and uninsured motorist (UM) coverage of $100,000 per person, $300,000 per accident.[2]  Trezona is Cohn's daughter.  Cohn and Trezona owned a 2012 Jeep, which was insured under the Old Dominion Policy.  Allstate issued an automobile policy to Respondents with liability coverage and UM coverage of $250,000 per person and $500,000 per accident (Allstate Policy).

On February 24, 2015, Connelly was riding as a passenger in the Jeep driven by Trezona.  For purposes of this declaratory judgment action only, the parties stipulated that Trezona's negligence caused an accident resulting in injuries and damages to Connelly.

---

[1] Cohn and Trezona were dismissed by consent.
[2] In Respondents' complaint, Respondents identify the policy as written by MSA and Old Dominion.

Connelly and Trezona were co-employees, both working within the course and scope of their employment with Apple One Employment Agency at the time of the accident. Connelly began receiving benefits under the South Carolina Workers' Compensation Act (the Act). "Connelly is not legally entitled to recover damages from Trezona" because Trezona is immune from suit as a co-employee under the exclusivity provision of the Act.

Connelly made a claim for damages under the liability and UM coverage of the Old Dominion Policy. Old Dominion denied the claim, relying on Trezona's immunity under the Act. Connelly also made a claim under the UM coverage of the Allstate Policy. Allstate denied the claim on the grounds the vehicle was not uninsured at the time of the accident, and the Act provided Connelly's exclusive remedy.

## II. OTHER FACTS

Respondents filed this declaratory judgment action. Insurers answered, denying liability and moving for summary judgment. Respondents also moved for summary judgment. The court heard arguments on the cross-motions for summary judgment. By order filed October 2, 2017, the court granted Respondents' motion for summary judgment and denied Insurers' motions for summary judgment. Insurers appeal.

## III. STANDARD OF REVIEW

"Because declaratory judgment actions are neither legal nor equitable, the standard of review depends on the nature of the underlying issues." *Goldston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 166, 594 S.E.2d 511, 516 (Ct. App. 2004). The "determination of coverage under an insurance policy" is an action at law. *Nationwide Mut. Ins. Co. v. Prioleau*, 359 S.C. 238, 241, 597 S.E.2d 165, 167 (Ct. App. 2004). In an action at law, tried without a jury, the appellate court will not disturb the trial court's findings of fact unless they are found to be without evidence that reasonably supports those findings. *Id.* However, "[w]hen an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Props. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000).

## IV. LAW/ANALYSIS

## A. "Legally Entitled to Recover"

Insurers argue the trial court erred in finding legal entitlement to recovery is not a condition precedent to entitlement to UM coverage. We disagree.

The Allstate policy states as follows:

> **Insuring Agreements**
>
> If a premium is shown on the Policy Declarations for Uninsured Motorists Insurance, **we** will pay those damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
>
> 1. **bodily injury** sustained by an insured person; and
> 2. **property damage.**

The Old Dominion Policy similarly states, "We will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of: 1. "Bodily injury" . . . and 2. 'Property damage' . . . ."

The South Carolina UM statute provides that a UM policy must "pay the insured all sums which he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . ." S.C. Code Ann. § 38-77-150 (A) (2015).

Insurers argue Connelly is precluded from coverage because "legally entitled to recover" requires Connelly to be able to maintain an action against Trezona and secure a judgment against her before receiving UM coverage. Because Trezona is immune from suit under the Act's exclusivity provision, and Connelly stipulated she was not legally entitled to recover from Trezona, Insurers argue Connelly cannot recover under the UM provisions of the policies.

The trial court found "if the meaning of the statutory language ['legally entitled to recover'] is ambiguous and simply means the insured must demonstrate fault on the part of the uninsured driver[,] then the discussion is far from over." The court noted the language is not defined in either the statute or the insurance policies. The court also noted a "[r]eview of decisions from other jurisdictions addressing

similar language and coming to different interpretations suggest[s] ambiguity of this statutory language."

The trial court acknowledged the jurisdictions "interpreting the 'legally entitled to recover language' as a fatal obstacle" to Connelly's ability to collect UM benefits. *See Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 30–31 (Iowa 2005) (holding an insured was not legally entitled to recover UM benefits because the injuries sustained were covered under the workers' compensation system); *State Farm Mut. Auto. Ins. Co. v. Slusher*, 325 S.W.3d 318, 324 (Ky. 2010) (denying UM coverage for injuries resulting from a co-employee's negligent operation of a motor vehicle where the workers' compensation law granted immunity to the co-employee); *Wachtler v. State Farm Mut. Auto. Ins. Co.*, 835 So. 2d 23, 28 (Miss. 2003) (finding a claimant was not legally entitled to recover UM benefits from his personal insurer because he was not legally entitled to recover damages from his co-employee due to the exclusivity provision of the workers' compensation statute). However, the court also noted other jurisdictions that "have interpreted the same or similar language in a broader vein." *See Torres v. Kansas City Fire & Marine Ins. Co.*, 849 P.2d 407, 410 (Okla. 1993) (finding a claimant was entitled to UM coverage despite a negligent co-employee's immunity because the coverage was intended to compensate an insured for a loss for which the tortfeasor is unable to make full compensation, and the insurer assumed the risk); *Jenkins v. City of Elkins*, 738 S.E.2d 1, 11 (W.Va. 2012) (finding "[t]he lack of a statutory or policy definition for the phrase 'legally entitled to recover,' and the parties' conflicting interpretation of the same" rendered the phrase ambiguous); *id.* at 14 (construing "'legally entitled to recover' . . . to mean that an insured is entitled to uninsured coverage merely by establishing fault on the part of the tortfeasor and the amount of the insured's damages").

The West Virginia court in *Jenkins* summarized the issue as follows:

> The parties have pointed out that there is a split of authority on the meaning that should be attached to the phrase. Our research indicates that a slight majority of courts that have considered the issue have determined that the phrase "legally entitled to recover," or its equivalent, means that an insured is entitled to uninsured motorist coverage merely by establishing fault on the part of the tortfeasor and the amount of the insured's damages; the tortfeasor's immunity, for whatever reason, does not prevent coverage.

738 S.E.2d at 12.  The court in *Jenkins* continued, stating as follows:

> [T]he existence of a tort immunity or other limitation on
> the insured's rights against the tortfeasor should not
> preclude claims under the uninsured motorist coverage
> on the ground that the insured would not be legally
> entitled to recover from the tortfeasor.
>
> First, the immunity only absolves the defendant from
> liability.  Since the uninsured motorist insurance
> company has no relation to the tortfeasor and allowing an
> insured to recover uninsured motorist insurance benefits
> does not adversely affect any interest of the tortfeasor
> which the tort immunity protects, the tort immunity
> should have no effect on whether an insurance company
> providing first party, uninsured motorist insurance
> coverage for an individual is obligated to indemnify the
> insured.
>
> Second, . . . [t]he problem should be adjudicated by
> balancing the public policy interests.  The uninsured
> motorist insurance statutes . . . reflect a strong public
> policy in favor of providing indemnification for persons
> who are injured by uninsured motorists.  Whether the
> tortfeasor is immune from litigation is, therefore, usually
> a matter of relatively small importance in regard to the
> indemnification of an insured person by an insurer . . . .
> The important fact is that no compensation is available
> from the negligent tortfeasor.

*Id.* at 13−14 (alterations in original) (quoting Alan I. Widiss & Jeffrey E. Thomas,
*Uninsured & Underinsured Motorist Insurance*, § 7.14, at 532 (2005)).  Finally,
the court in *Jenkins* rejected the reasoning of jurisdictions not permitting recovery
as inconsistent with the public policy behind the uninsured motorist statute.  *Id.* at
13−14.

Based in part on the differing interpretations of "legally entitled to recover," the
trial court found our South Carolina statute is ambiguous as to the language
"legally entitled to recover" and construed the language in a manner "consistent

with the intent of the legislature . . . to protect against the peril of injury . . . by an uninsured motorist . . . ."  The court concluded, "[i]nterpreting the statute to require that plaintiffs first secure a judgment . . . undermines the legislative intent."  Thus, the court found "legally entitled to recover" required only "demonstrating fault and resulting damages," which Connelly satisfied as the parties stipulated to Trezona's fault and Connelly's damages.

We find no error in the trial court's application of statutory interpretation to the language "legally entitled to recover."  In *Ferguson v. State Farm Mutual Automobile Insurance Co.*, our supreme court concluded coverage under a UM policy arose after the liability of the uninsured motorist had been established.  261 S.C. 96, 102, 198 S.E.2d 522, 525 (1973) ("It is our conclusion that the appellant's liability under the uninsured motorist endorsement is contractual in nature and arises after the liability of the uninsured motorist has been established . . . .").  The court in *Ferguson* did not suggest procurement of a judgment was necessary.  *Id.*  The uninsured motorist legislation "is remedial in nature and is entitled to a liberal construction to effectuate the purpose thereof."  *Gunnels v. Am. Liberty Ins. Co.*, 251 S.C. 242, 247, 161 S.E.2d 822, 824 (1968).  "[A]ny limiting language in an insurance contract which ha[s] the effect of providing less protection than made obligatory by the statutes is contrary to public policy and is of no force and effect."  *Ferguson*, 261 S.C. at 100, 198 S.E.2d at 524.  We agree with the court in *Jenkins* and find the phrase "legally entitled to recover" should be "construed to mean that an insured is entitled to uninsured coverage merely by establishing fault on the part of the tortfeasor and the amount of the insured's damages."  *Jenkins*, 738 S.E.2d at 14.

Furthermore, we find support from this court's opinion in *Antley v. Nobel Insurance Co.*, 350 S.C. 621, 567 S.E.2d 872 (Ct. App. 2002), *overruled in part on other grounds by Sweetser v. S.C. Dep't of Ins. Reserve Fund*, 390 S.C. 632, 703 S.E.2d 509 (2010).[3]  Antley was injured while operating a truck owned by his employer in an accident caused by an unidentified driver in Georgia.  *Antley*, 350 S.C. at 624, 567 S.E.2d at 873.  Antley filed an action in Georgia seeking UM coverage under his personal automobile insurance policy.  *Id.*  Antley also claimed workers' compensation benefits.  *Id.* at 624, 567 S.E.2d at 873−74.  The insurer

---

[3] The court in *Sweetser* overruled *Antley* to the extent it did not permit an employer "to offset the employee's recovery under the automobile policy against the employee's compensation benefits . . . ."  *Sweetser*, 390 S.C. at 637 n.5, 703 S.E.2d at 512 n.5.

denied coverage, in part arguing Antley's exclusive remedy was provided for under the Act. *Id.* The trial court found Antley was not excluded from pursuing coverage under the UM provision of the policy. *Id.* at 624, 567 S.E.2d at 874. On appeal, this court rejected the insurer's argument, stating as follows:

> Our supreme court previously has rejected the same argument now advanced by [the insurer], finding that workers' compensation gives an employee "the right to swift and sure compensation," while an employer in turn "receives *immunity from tort actions* by the employee." *Wright v. Smallwood*, 308 S.C. 471, 475, 419 S.E.2d 219, 221 (1992) (quoting *Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 70, 267 S.E.2d 524, 526 (1980)). In *Wright*, the court went on to reiterate that because UM coverage sounds in contract, not tort, "the exclusivity provision of [the Act] does not operate to bar [a] contractual claim for UM benefits." *Id.*

*Id.* at 626, 567 S.E.2d at 874 (third alteration in original). We likewise find support from the United States District Court interpreting South Carolina law in *Sanders v. Doe*, 831 F.Supp. 886 (S.D. Ga. 1993). The court in *Sanders* rejected a similar argument by the insurer that the plaintiff was barred from recovering UM benefits because of the exclusive remedy provision of the Act. *Sanders*, 831 F.Supp. at 890. The court found the following:

> Workers' compensation laws shift the risk of work-related injury from the employee to the employer but compromise the employee's right to sue at common law. The employer's protection from suit by the injured employee, however, is not so broad to encompass any conceivable form of action. Rather, workers' compensation laws are intended to shield the employer, and any other statutorily-insulated entity, from liability in tort actions. Uninsured motorist coverage sounds in contract. Thus, [the Act] does not preclude Plaintiff's recovery of uninsured motorist benefits from [the insurer].

*Id.* at 891 (internal citation omitted). We find no error by the trial court in finding Connelly was not precluded from recovery of UM benefits.

To the extent Insurers separately rely on the failure to be served with pleadings of a tort action against Trezona by Connelly under section 38-77-150(B), we likewise find no error. As noted by the trial court, the language of section 39-77-150(B) does not address any requirement of filing suit against the at-fault driver. *See* §38-77-150(B) (2015) ("No action may be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer . . . "). Respondents filed this declaratory judgment action, Insurers were served, and the parties stipulated to Trezona's negligence. We find Insurers were afforded the protection intended by section 38-77-150(B).

## B.   Uninsured Vehicle

Insurers argue the trial court erred in finding the immunity granted by the Act transformed Trezona's insured vehicle into an uninsured vehicle because they denied liability, not coverage. We disagree.

In the parties' Joint Stipulation of Facts, Insurers stipulated that "Trezona's negligence caused the accident and Connelly's resulting injuries and damages." The trial court noted the stipulation and found Insurers' arguments−that they did not deny coverage but denied liability and Trezona's vehicle was therefore an insured vehicle−were "foreclosed" because liability could not be denied given the stipulations; thus, only coverage could be denied, and Insurers made coverage denials. Citing the statutory definition of an insured, the court next found Connelly was an "insured" under either policy. Connelly was a named insured under the Allstate Policy and she was occupying the Trezona vehicle as a passenger with permission of the owner, which made her an insured under the Old Dominion Policy; thus, Connelly was an insured under each policy.

The statutory definition of an insured is as follows:

> "Insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

S.C. Code Ann. § 38-77-30(7) (2015). We find no error in the trial court's finding that Connelly was an "insured" in this case. *See, e.g.*, *Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 367, 529 S.E.2d 280, 282 (2000) (determining a "vehicle [fell] within the plain language of the [uninsured motorist] statute because [the insurer] successfully denied liability coverage"); *id.* at 368, 529 S.E.2d at 283 (finding the permissive user entitled to uninsured motorist coverage because she was injured by an uninsured motorist, the insurer successfully denied liability, and the vehicle became an uninsured motor vehicle). Pursuant to the stipulations, Insurers denied coverage rather than liability. *See Kirkland v. Allcraft Steel Co.*, 329 S.C. 389, 392, 496 S.E.2d 624, 626 (1998) ("A stipulation is an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys."); *id.* ("Stipulations, of course, are binding upon those who make them."). Thus, due to the immunity provided by the exclusivity provision of the Workers' Compensation Act, the vehicle was, in effect, an uninsured vehicle, and Connelly is entitled to UM benefits.

## C.     Legislative Intent

Insurers finally argue the trial court erred in failing to effectuate the legislative intent of the Act and the UM statutes. We disagree.

The trial court recognized the "cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." The court also noted the purpose of the UM statutes, their remedial nature, and the legislative intent to benefit injured persons.

"The purpose of the uninsured motorist law is 'to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle.'" *Schmidt*, 339 S.C. at 368, 529 S.E.2d at 283 (quoting *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 100, 198 S.E.2d 522, 524 (1973)). "[T]he statute is remedial in nature, enacted for the benefit of the injured persons, and is to be liberally construed so that the purpose intended may be accomplished." *Nationwide Mut. Ins. Co. v. Smith*, 376 S.C. 60, 69, 654 S.E.2d 837, 841 (Ct. App. 2007). Our supreme court has distinguished between UM claims as contract actions, and the exclusivity provision of the Act, which bars tort claims. *See Wright v. Smallwood*, 308 S.C. 471, 473, 419 S.E.2d 219, 220 (1992) (explaining governmental immunity under the South Carolina Tort Claims Act did not bar a claim against the governmental entity for UM benefits because UM coverage sounds in contract rather than tort). We find

no error by the trial court in its application of the rules of statutory construction in determining the legislative intent.

## V.     CONCLUSION

Based on the foregoing, the order on appeal is

**AFFIRMED.**[4]

**LOCKEMY, C.J., and MCDONALD, J., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.